El PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CLEMENTE DÍAZ acusado y apelante.

No. 3173.—*Visto:* Noviembre 17, 1927. *Resuelto:* Noviembre 30, 1927.

1. ARMAS—PORTAR ARMAS PROHIBIDAS—DEL DELITO EN GENERAL.—La portación ilegal y no el uso ilegal de un arma es lo que está prohibido por la ley.
2. ARMAS—PORTAR ARMAS PROHIBIDAS—DEL DELITO EN GENERAL—PROCESO Y CASTIGO—USO DEL ARMA—PORTACIÓN PERMITIDA POR LEY.—El que un celador de una finca haga uso ilegal de un arma—machete—dentro de dicha finca y en camino de la misma no lo hace culpable del delito de portar armas en ausencia de prueba al efecto de que dicho camino era de uso público.

3. ARMAS—PORTAR ARMAS PROHIBIDAS—PROCESO Y CASTIGO—EVIDENCIA—SU SU-
FICIENCIA—PORTACIÓN EN CAMINOS PÚBLICOS.—La manifestación de un tes-
tigo de que un camino dentro de una finca—en el que se usó ilegalmente
un arma—es un camino público porque los trabajadores pasaban por él no
es en sí suficiente para sostener tal conclusión, especialmente en ausencia de
prueba de que los dueños de la finca se hubieran desprendido de su dominio
sobre dicho camino.

SENTENCIA de *Gabriel Castejón*, J. (Humacao), condenando al acu-
sado por delito de portar armas. *Revocada* y absuelto el acusado.
*Vicente Ortiz León* y *R. Arroyo Ríos,* abogados del apelante; *José
E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

El apelante fué acusado y convicto de acuerdo con la
Ley No. 14 de junio 25, 1924, "prohibiendo portar armas."
Entre otras excepciones la sección 5ª de dicha ley dispone
que:

"Las disposiciones de esta Ley no serán aplicables:

" *       *       *       *       *       *       *

"5. A la portación de armas dentro de la propia casa o finca."

El acusado sostiene que él cae dentro de las disposicio-
nes de esta excepción.

La prueba indisputable presentada tanto por el Pueblo
como por la defensa demostraba que el supuesto delito tuvo
lugar dentro de la finca "Australia," propiedad de los Su-
cesores de José María Ortiz, y que el acusado vivía en dicha
finca; igualmente que el mayordomo de la citada finca ha-
bía nombrado al acusado celador de la misma durante parte
del día en que el supuesto delito fué cometido.

Sin embargo, el fiscal alega que, si bien el delito fué co-
metido dentro de dicha finca, lo fué en un camino público
dentro de la misma. El acusado portaba un machete y la
prueba tendió a demostrar que él le pegó a un hombre con
el mismo y que el supuesto delito fué cometido a las 8 de
la noche.

De la prueba aducida por las partes no quedaba lugar a
dudas de que el acusado estaba empleado como celador de

la finca. Si él estaba empleado como celador tenía derecho a portar armas de acuerdo con otras excepciones de la ley. No haría diferencia alguna el hecho de que él usara el arma ilegalmente. *El Pueblo* v. *Segarra*, 36 D.P.R. 116. No obstante, no es necesario que basemos nuestra decisión en esta defensa.

La prueba era clara de que el supuesto uso ilegal ocurrió dentro de la finca "Australia." Por tanto, era el deber del fiscal probar claramente qué parte de esa finca o algún camino dentro de la misma eran de uso público. Uno de los testigos dijo que era un camino público porque los trabajadores pasaban por él. Esta era una conclusión de derecho o una mera opinión del testigo. No tendía a demostrar que Sucesores de José María Ortiz se hubiesen desprendido de parte de su dominio sobre la finca "Australia." En lo que a un dueño privado se refiere, el público o cualquiera persona deben probar un uso adverso.

*Non constant* que sucesores de José María Ortiz pudieran cerrar el camino en cualquier momento.

Como esta finca pertenecía a dichos Sucesores, cualquiera de sus agentes o empleados también estaba dentro de su propia finca, según indica el apelante en el memorándum de autoridades.

*Debe revocarse la sentencia apelada y absolverse al acusado.*