El Pueblo de Puerto Rico, demandante y apelado, *v.* Enrique Nieves Guevara, acusado y apelante.

Núm. 9729.—*Sometido:* Diciembre 17, 1942. *Resuelto:* Diciembre 23, 1942.

*Francisco González Fagundo,* abogado del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El apelante, convicto de un delito de portar armas prohibidas y sentenciado a la pena de un mes de cárcel, alega como fundamento de su recurso que la corte sentenciadora erró al declarar sin lugar la moción de *nonsuit* formulada por el acusado y al declarar a éste culpable del delito imputádole.

■■ Los hechos establecidos por la evidencia y aceptados por ambas partes pueden resumirse así:

En el momento en que le fué ocupado el revólver, el acusado era un empleado de la Central Roig, en calidad de ingeniero mecánico. Vivía en la central pero no era celador ni mayordomo ni estaba en concepto alguno encargado de la vigilancia de las propiedades de su patrono. El arma le fué ocupada mientras la portaba sobre su persona y en momentos en que estando parado frente al portón de la central, en un pedazo de tierra entre el portón y el borde de la carretera pública, hizo dos disparos e hirió al individuo Fernando Loza.

La decisión de esta Corte Suprema en *El Pueblo* v. *Díaz,* 37 D.P.R. 455, invocada por el apelante, no es de aplicación al caso de autos. El acusado en el caso citado había sido nombrado celador de la finca por el dueño de la misma y tenía derecho a portar un arma de acuerdo con las excepciones reconocidas por la ley. La revocación de la sentencia no se basó en la defensa de que Díaz era un celador de la finca. Esta Corte Suprema fué más allá y resolvió que como la finca pertenecía al patrono de Díaz, cualquiera de los agentes o empleados de dicho patrono tenía derecho a portar un arma dentro de la finca del patrono, la cual debía ser considerada como su propia finca.

Recientemente, en el caso de *Pueblo* v. *Alvarado,* 60 D.P.R. 45, en el que los hechos eran casi idénticos a los del de autos, esta corte, considerando que había ido demasiado lejos en su decisión en *Pueblo* v. *Díaz,* supra, y creyendo que "sería

muy peligroso en verdad llevar tan lejos la jurisprudencia establecida'', se apartó de dicha decisión, aun cuando no la revocó expresamente, y resolvió que no siendo Alvarado celador de la finca, ni estando autorizado para portar armas por el dueño de la propiedad para la defensa de ésta, su portación por el acusado fuera de la tienda de que estaba encargado y dentro de los terrenos de la Colonia, constituía una violación de la ley que prohibe la portación de armas.

Confirmando lo que dijimos en *Pueblo* v. *Alvarado,* supra, resolvemos que la corte inferior no erró al denegar la moción para la absolución perentoria del acusado, ni tampoco al declarar al acusado culpable del delito imputádole.

El caso de *El Pueblo* v. *Díaz,* supra, debe ser y es revocado en cuanto sostiene que los agentes o empleados de una finca tienen derecho a portar armas dentro de los límites de la misma, aun cuando no estén empleados como celadores o guardianes de la propiedad. Esta corte no tuvo nunca la intención de interpretar la ley en el sentido de convertir las fincas o centrales en un arsenal o campamento armado, donde cada persona de las que allí trabajan pueda llevar sobre su persona una de las armas prohibidas por la ley.

A los efectos de la ley que prohibe la portación de armas, la finca o factoría del patrono no puede ni debe ser considerada como la propia finca o factoría del agente, empleado u obrero que en la misma trabaja. El empleado que tiene su hogar dentro de los límites de la finca de su patrono tiene derecho a poseer y a portar dentro de su hogar el arma que considere necesaria para su defensa, pero no está autorizado para portar esa arma sobre su persona por todo el resto de la finca de su patrono.

*Por las razones expuestas se confirma la sentencia recurrida.*