EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ADAM LÓPEZ RAMOS, acusado y apelante.

*Número:* CR-67-213     *Resuelto:* 29 de noviembre de 1968

*Rafael L. Ydrach Yordán,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera, Subprocurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto por un jurado de los delitos de Ataque para Cometer Homicidio e Infracción al Art. 8 de la Ley de Armas. Se dictaron en su contra sentencias suspendidas de dos a cuatro años de presidio en cada uno de los casos.

Para que revoquemos dichas sentencias señala como errores (1) que la prueba de cargo, por ser contradictoria entre sí, es insuficiente para condenar, (2) que dicha prueba no derrota la duda razonable ni la presunción de inocencia, (3) que la prueba de cargo es insuficiente en el delito de portar armas porque no se estableció que el acusado portara

el arma en una vía pública, (4) que el tribunal cometió error al denegar la admisión de pruebas ofrecidas por el acusado y al admitir pruebas sobre sus objeciones, y (5) que el tribunal cometió error en el resumen de la prueba y en sus instrucciones al jurado.

Los primeros dos errores, discutidos conjuntamente por el apelante, no fueron cometidos.

Arguye que entre los testimonios de los testigos oculares presentados por el fiscal existen discrepancias y contradicciones. Así es en efecto, mas tales testimonios, en cuanto a los hechos esenciales, establecen fuera de duda la culpabilidad del acusado-apelante. Esos hechos esenciales son al efecto de que como a las ocho de la noche del 27 de noviembre de 1966, Adelio Méndez Hernández, al ir a estacionar su automóvil cerca del frente del negocio de floristería del apelante, sito en la Avenida Barbosa de Hato Rey, chocó con un "dron" de basura, volcándolo; que entre el acusado y Adelio hubo una discusión sobre el "dron" de basura, según unos testigos, o sobre un permiso solicitado por Adelio al acusado para estacionar su vehículo en aquel sitio, según otro de los testigos; que el acusado entró a su negocio donde también reside y salió con un revólver con el cual hizo 4 ó 5 disparos a Adelio estando éste de espaldas a él, tratando de abrir el baúl de su auto, cuando sonó el primer disparo; que con dos de esos disparos el acusado infirió heridas de bala de carácter grave a Adelio. El acusado aceptó que había hecho dos disparos de revólver contra Adelio pero alegó que fue en defensa propia y de su hogar, dentro de su negocio y no en la calle, según la prueba de cargo.

El jurado dirimió el conflicto en la prueba y no venía obligado a rechazar en su totalidad el testimonio de un testigo de cargo porque confligiera en detalles con los otros testigos de cargo. *Pueblo* v. *Nazario*, 87 D.P.R. 130 (1963). El jurado no venía obligado tampoco, porque hubiera contradicciones entre los testigos de cargo que presenciaron

los hechos, a descartar toda dicha prueba. Correspondía al jurado hacer sus determinaciones de hecho dirimiendo los conflictos y determinando a que testigos creía total o parcialmente. No procede que intervengamos con las determinaciones de hecho que hizo el jurado en este caso. *Pueblo* v. *Iturrino de Jesús*, 90 D.P.R. 706 (1964).

■ La prueba de cargo en el caso de portar armas fue suficiente. Estableció que el acusado hizo los disparos de revólver desde la calle o vía pública, por lo menos fuera de la línea de rodaje de la carretera, donde se estacionaban algunos vehículos. Por tanto, el acusado infringió el Art. 8 de la Ley de Armas y no se cometió el tercer error.

■ Al discutir el cuarto señalamiento, el apelante arguye que fue error no admitir el testimonio del agente Feliciano sobre lo que el acusado le informó o relató cuando el agente llegó al sitio de los hechos a practicar la investigación. Tal testimonio era claramente inadmisible porque no era parte del *res gestae*. Ya los hechos habían ocurrido, el herido había sido trasladado al hospital y la residencia del acusado y sus alrededores estaba invadido por un gran número de personas. No se trataba de manifestaciones espontáneas y contemporáneas con la ocurrencia del suceso. Aparte de ello, de haberse incurrido en tal error, el mismo no sería perjudicial ya que el acusado, al sentarse como testigo de defensa, declaró todo lo que se pretendía traer ante el jurado con los testimonios excluidos. *Pueblo* v. *Andrades González*, 83 D.P.R. 849 (1961). Tampoco fue error perjudicial la inadmisión del testimonio de la esposa del acusado al efecto de que en una ocasión le llamó la atención a Adelio, en ausencia de su esposo, por haberle volcado el zafacón de basura y éste le contestó que lo haría cuantas veces quisiera porque allí no se podían poner zafacones, y que llamara al Gobierno para que tirara una línea que dijera "*no parking*" y que entonces él no se estacionaría allí. En primer lugar no se

probó que el acusado tuviera conocimiento de esos hechos específicos, requisito este necesario cuando el acusado trata de probar que tenía motivos para creer que al ser atacado por la víctima, se hallaba frente a un enemigo peligroso, y en segundo lugar no se trata de actos específicos de violencia por los cuales fuera convicto el perjudicado, en cuyo caso tal prueba hubiera sido admisible. *Pueblo* v. *Cruz*, 65 D.P.R. 172 (1945).

■ Se señala como error permitir al fiscal, sobre las objeciones de la defensa, interrogar a un testigo de reputación del acusado sobre supuestas coacciones que dicho testigo desplegaba frente a los testigos de cargo en el cuarto de los testigos. Suponiendo que ello fuera un error, y sin así resolverlo, el mismo no fue perjudicial al apelante ya que éste utilizó otros testigos de reputación y por su parte el fiscal no presentó prueba sobre la mala reputación del acusado.

Si el perjudicado Adelio sufrió o no un estado de confusión mental mientras era interrogado por el abogado defensor durante la vista preliminar, no era pertinente además de que se pretendía obtener con ello una opinión del juez que presidió la vista preliminar. El acusado trató de impugnar al perjudicado, y eso se le permitió, con supuestas contradicciones entre lo declarado en la vista preliminar y lo declarado en el juicio.

■ Es frívolo el señalamiento de que fue error no permitir al propio acusado declarar desde la silla de los testigos si sus derechos constitucionales fueron respetados o no por la policía cuando ésta entró en su residencia, le interrogó, le pidió informes y le ocupó un revólver, todo ello a la luz de la doctrina sentada en el caso de *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965).

Mientras el apelante declaraba en su defensa, luego de relatar que el agente Feliciano fue llevado a su residencia

por su esposa, que él le dijo al agente lo que había ocurrido y que le entregó el revólver, su abogado le preguntó si mientras él hablaba con Feliciano, estaba asistido de abogado. El juez sostuvo la objeción del fiscal a esa pregunta. El propio abogado defensor admitió que "esto no tiene contorno con los principios de *Rivera Escuté*, no son cuestiones técnicas, son cuestiones de hecho." Luego añadió el letrado que sus preguntas iban dirigidas a describir las circunstancias en que las palabras fueron dichas. El juez actuó correctamente al no permitir la contestación de la pregunta sobre asistencia de abogado, ya que la misma carecía de pertinencia y materialidad.

■ Tampoco constituyó error la negativa del tribunal a que se preguntara al perjudicado sobre el estado mental del acusado. De todas maneras el apelante logró el propósito que perseguía cuando el tribunal permitió al perjudicado declarar que veía en el acusado a una persona dócil, normal.

■ El quinto error carece igualmente de mérito. El acusado no objetó el resumen de la prueba hecha al jurado por el juez. Éste les instruyó en el sentido de que había prueba de que el acusado había disparado su revólver desde la calle o la carretera. El juez explicaba entonces al jurado en que consistía el delito de portar armas. Además, del resumen del testimonio del apelante hecho por el juez surge que aquél alegaba haber hecho los disparos dentro de su casa.

*En vista de todo lo expuesto anteriormente, se confirmarán las sentencias apeladas.*