# 96 DTA 43

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO**
**PANEL II**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JOSE M. RIVERA PEREZ
Recurrido

Núm. KLCE-95-00597

San Juan, Puerto Rico, a 14 de marzo de 1996

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

En el presente recurso de *certiorari* el Procurador General nos solicita que revisemos la actuación del Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se le concedió al convicto José Rivera Pérez el beneficio de una sentencia suspendida, luego de haberle sido revocado los beneficios del programa de desvío establecido en la Ley de Violencia Doméstica, Ley Núm. 54 del 15 de agosto de 1989, 8 L.P.R.A. secs. 601, *et seq.*, por haber sido acusado y convicto por la comisión de delito grave.

# I

El recurrido José M. Rivera Pérez fue acusado el 5 de abril de 1994 por infracción al Artículo 3.3 de la Ley de Violencia Doméstica, 8 L.P.R.A. sec. 633t por actos de violencia cometidos contra su esposa. ■ El acusado hizo alegación de culpabilidad por el delito imputado. El 7 de junio de 1994 el Tribunal de Primera Instancia dictó Resolución paralizando los procedimientos en el caso y sometió al acusado a tratamiento bajo el Programa de Desvío que provee el Artículo 3.6 de la Ley de Violencia Doméstica, 8 L.P.R.A. sec. 636, por el término de un año, sujeto a ciertas condiciones que debía cumplir el acusado para que pudiera disfrutar de ese beneficio. Entre las referidas condiciones podemos señalar las siguientes: (a) que el acusado cooperará en todo momento con el programa; (b) ingresará en un programa de reeducación y readiestramiento de personas que incurren en conducta maltratante; (c) cumplirá con todas las condiciones impuestas por el Tribunal; (d) mantendrá informado al técnico de servicios socio-penales; (e) no frecuentará sitios de dudosa reputación, y se abstendrá de ingerir bebidas alcohólicas; (f) no incurrirá en conducta delictiva. En adición, se le advirtió que cualquier violación a las leyes podría acarrear la revocación de la orden concediendo el desvío, y que en esa eventualidad tendría que cumplir la sentencia que dispone la ley. ■

Posteriormente, el 30 de diciembre de 1994, el técnico de servicios sociopenales, sometió un informe de ajuste y progreso del acusado en el cual expuso que éste no había cumplido con las condiciones impuestas por el tribunal para concederle el desvío, ya que había continuado ingiriendo bebidas alcohólicas y había tratado de agredir sexualmente a su esposa en hechos ocurridos el 16 de diciembre de 1994. En este informe se recomendó que se iniciara el proceso de revocación del privilegio de desvío concedido al acusado el 7 de junio de 1994. El 5 de enero de 1996 el Tribunal de Primera Instancia, emitió una orden dirigida al Fiscal de Distrito de Ponce para que pusiera en vigor las recomendaciones del informe. En mayo de 1996, el Ministerio Público radicó solicitud inicial para revocación de probatoria ante el Tribunal Superior, Sala de Ponce.

El 15 de marzo de 1996, se formuló acusación contra el acusado y aquí recurrido, por violación al Artículo 3.2 de la Ley de Violencia Doméstica, 8 L.P.R.A. sec. 632, por los hechos ocurridos el 16 de diciembre de 1994. ■ El 4 de mayo de 1996, el caso fue llamado para vista en su fondo, y el acusado formuló alegación de culpabilidad por el delito imputado. Ese mismo día, Tribunal de Primera Instancia, ordenó que el acusado fuera referido a un Oficial Probatorio para que rindiera un informe con miras a determinar si era acreedor al beneficio de sentencia suspendida. Se señaló el pronunciamiento de sentencia para imponerle las penas al convicto por los casos JLE94G0162 y JLE95G0128 para el 9 de junio de 1996.

El técnico de servicios sociopenales, preparó el informe presentencia el cual fue entregado al Tribunal de Primera Instancia, quién determinó que no existía impedimento alguno para el pronunciamiento de sentencia y, a renglón seguido, le impuso al recurrido las siguientes penas: (1) En el caso JLE94G0162 dejó sin efecto la resolución de desvío dictada el 7 de junio de 1994 y le impuso un año de prisión; (2) en el caso JLE95G0128, le impuso dos años de prisión. El Tribunal de Primera Instancia le concedió al aquí recurrido el beneficio de cumplir ambas sentencias bajo el régimen de sentencia suspendida, según lo dispone la Ley Núm. 259 del 3 de abril de 1946, según enmendada, 34 L.P.R.A. sec. 1027. Además de imponerle al recurrido las consabidas condiciones para la probatoria, el Tribunal le impuso al recurrido ciertas condiciones especiales entre las que figuran: (1) no intervenir con la parte perjudicada; (2) residir con su señora madre; (3) no relacionarse con personas de dudosa conducta social; (4) no visitar lugares donde se expidan bebidas embriagantes; (5) continuar trabajando; y (6) pagar la pensión alimentaria.

El Ministerio Público se opuso en corte abierta a la concesión de los beneficios de sentencias suspendidas al convicto. Dicha petición fue declarada *"Sin Lugar"* por el Tribunal de Primera Instancia. De dicha determinación acude ante nos el Procurador General, señalando la comisión del siguiente error:

*"Erró el Tribunal de Instancia al dejar sin efecto una resolución emitida que concedía un beneficio de desvío al amparo de la Ley de Violencia Doméstica y sentenciar al convicto que cometió un nuevo delito grave provisto en la misma ley, bajo el régimen de otra sentencia suspendida o probatoria regular."*

Alega el Procurador General en su escrito que al acusado convicto no se le podía conceder el beneficio de una sentencia suspendida, ni bajo las disposiciones de la Ley 259, *supra*, ni al amparo de la Ley 54, *supra*. Aduce que ambos preceptos legales prohiben en forma expresa que se le otorgue el beneficio de sentencia suspendida o desvío a un convicto que haya incurrido en la comisión de un delito grave con anterioridad a la fecha en que se intente suspender la sentencia, y que el curso de acción correcto, dadas las circunstancias concurrentes, era el encarcelamiento del aquí recurrido.

El 1 de septiembre de 1996 este Tribunal emitió resolución en la que ordenó a la parte recurrida que mostrara causa por la cual no debía revocarse la sentencia recurrida. Habiendo cumplido la parte recurrida con nuestra orden, emitimos una nueva resolución señalando una vista oral para dilucidar la controversia planteada. La vista oral tuvo lugar el 26 de enero de 1996, con la comparecencia de ambas partes, quienes argumentaron ampliamente sus respectivas posiciones.

Hemos examinado y estudiado detenidamente el expediente ante nos, los escritos de las partes, los argumentos esgrimidos en la vista oral, la ley y la jurisprudencia aplicable, y estamos en posición de resolver las cuestiones planteadas.

## II

La Ley de Violencia Doméstica, en su Artículo 3.6, 8 L.P.R.A. sec. 636, provee un procedimiento de desvío, que en lo pertinente, dispone:

*"Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este Capítulo, el tribunal podrá motu proprio, o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja. Antes de hacer cualquier determinación al respecto, el tribunal deberá escuchar al Ministerio Fiscal...*

*Esta alternativa de desvío solamente estará disponible cuando existan las circunstancias siguientes:*

*(a) Se trate de una persona que no haya sido convicta previamente por la comisión de delitos establecidos en este Capítulo o delitos similares establecidos en las leyes de Puerto Rico o Estados Unidos contra la persona de su cónyuge, ex-cónyuge, persona con quien habita o haya cohabitado, persona con quien sostiene o haya sostenido una relación consensual, o persona con quien haya procreado un hijo o una hija.*

*(b) Se trate de una persona que no haya violado una orden de protección expedida por cualquier tribunal al amparo de este Capítulo o cualquier disposición legal similar.*

*(c) Se suscriba a un convenio entre el Ministerio Fiscal, el acusado y la agencia, organismo, institución pública o privada a que se referirá el acusado.*

*El tribunal tomará en consideración la opinión de la víctima sobre si se le debe conceder o no este beneficio e impondrá los términos y condiciones que estime razonables y el período de la duración de la libertad a prueba que tenga a bien requerir, previo acuerdo con la entidad que prestará los servicios, cuyo término nunca será menor de un (1) año, ni mayor de (3) tres.*

*Si la persona beneficiada con la libertad a prueba que establece esta sección incumpliere con las condiciones de la misma, el tribunal previo celebración de vista podrá dejar sin efecto la libertad a prueba y **procederá a dictar sentencia...**"* (Enfasis nuestro).

El convicto y aquí recurrido hizo alegación de culpabilidad por el delito de violación al Artículo 3.3 de la Ley de Violencia Doméstica, *supra*, por lo cual el tribunal, luego de examinar los requisitos de ley aplicables, suspendió los procedimientos en su contra y le concedió el beneficio establecido por el programa de desvío, por el término de un año y sujeto a ciertas condiciones. Entre las condiciones impuestas para que el recurrido fuera merecedor del referido programa figura la de no ser acusado ni convicto de delito mientras disfrutaba del desvío. Como ya señalaramos en la relación de hechos que

antecede, el recurrido fue acusado nuevamente de cometer delito grave por violación al Artículo 3.2 de la Ley de Violencia Doméstica, *supra*, mientras cumplía el término provisto en el programa de desvío. El 4 de mayo de 1996 el recurrido se declaró culpable por el nuevo delito imputado. En esa misma fecha el tribunal dispuso que el 9 de junio de 1996 se dictaría sentencia en los casos JLE94G0162 y JLE95G0128.

Así las cosas, se inició el procedimiento de revocación de probatoria al recurrido, a la luz del contenido y conclusiones del informe del técnico socio-penal que supervisaba al probando. Para esta fecha ya el recurrido se había declarado culpable de la comisión del nuevo delito imputado.

Al amparo de las disposiciones del procedimiento que regula el programa de desvío de la Ley de Violencia Doméstica, el Tribunal de Primera Instancia, al someter a una persona al mismo, no está dictando sentencia, sino que se paralizan los procedimientos de dictar sentencia hasta que se cumpla el término señalado por el Tribunal y se determine si se han violado o no las condiciones establecidas para la concesión del beneficio. Si la persona sujeta a la libertad a prueba incumple con alguna condición, el tribunal podrá dejar sin efecto la libertad a prueba y, entonces, dictar sentencia.

En el caso ante nuestra consideración el 16 de mayo de 1996 se presentó la solicitud de revocación de probatoria contra el probando. El Tribunal de Primera Instancia señaló el pronunciamiento de sentencia para el 9 de junio de 1996, tanto para dictar sentencia en el caso JLE95G0162, como para el caso JLE94G0128. Al imponer las mismas, el Tribunal, utilizando la discreción que le provee la ley, le otorgó al convicto el beneficio de sentencia suspendida.

La contención del Procurador General de que no procedía se dictara sentencia suspendida contra el convicto por habérsele revocado el beneficio de desvío del cual disfrutaba, no tiene apoyo en la ley. La Ley de Sentencias Suspendidas, *supra*, en su Artículo 2, 34 L.P.R.A. sec. 1027, establece las instancias en las cuales se podrá dictar sentencia suspendida. Allí se dispone que el Tribunal Superior podrá suspender los efectos de una sentencia que se hubiere dictado en un caso de delito grave, con la exclusión de ciertos delitos expresamente señalados, y ordenará que la persona sentenciada quede en libertad a prueba siempre que al tiempo de imponer dicha sentencia concurran todos los requisitos que allí se enumeran, a saber:

*"(1) Que dicha persona con anterioridad a la fecha en que se intente suspender la sentencia dictada,* **no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada;** *y a la cual no se le hubieren suspendido los efectos de una sentencia anterior por delito grave;*

*(2) que las circunstancias en que se cometió el delito no evidencien que existe en el autor del mismo un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de dicha persona en alguna de las instituciones penales de Puerto Rico;*

*(3) que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber brindado una investigación minuciosa de los antecedentes de familia e historial social de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad..."* (Subrayado nuestro).

Valga señalar que entre los delitos excluidos por la ley no figuran los cometidos por el convicto en el caso de autos. Este realizó actos que violaron las condiciones impuestas bajo el programa de desvío al cual se le sometió el 7 de junio de 1994, por haber sido convicto de la comisión de otro delito bajo la Ley de Violencia Doméstica. Si bien dichos actos provocaron la revocación del beneficio de desvío, no constituyen un impedimento para que pueda otorgársele el beneficio de sentencia suspendida. Esto es así ya que en la Ley de Sentencias Suspendidas claramente se dispone que no se podrá conferir el beneficio a personas que *"con anterioridad a la fecha en que se intente suspender la sentencia dictada,* **no hubiesen sido convictas, sentenciadas ni recluidas en prisión por delito grave alguno**

*con anterioridad a la comisión del delito por el cual fuere procesada."*

En el caso ante nuestra consideración, el recurrido no había sido convicto, ni recluido ni sentenciado con anterioridad a la fecha en la que cometió el delito por violación al Artículo 3.2 de la Ley de Violencia Doméstica, *supra*, aunque se le había suspendido el procedimiento instado en su contra por violación al Artículo 3.3 de dicha Ley, mediante resolución emitida el 7 de junio de 1994. Sin embargo, no es, precisamente, hasta el 9 de junio de 1996 que se le revoca dicha resolución y se procede a dictar sentencia en su contra. ■ La Ley de Sentencias Suspendidas confiere al Tribunal la facultad discrecional para suspender los efectos de una sentencia. Dicha discreción está limitada a que el delito no sea uno de los expresamente excluidos y que concurran los requisitos establecidos en el estatuto. *Pueblo v. Texidor Seda,* ___ D.P.R. ___ (1991), **91 J.T.S. 57**. Es doctrina firmemente establecida en nuestro ordenamiento que la facultad de imponer una sentencia suspendida es discrecional del tribunal sentenciador, la cual debe otorgarse dentro de los parámetros establecidos por la ley. *Pueblo v. Acosta Torres,* 92 D.P.R. 887, 893-94 (1965); *Pueblo v. Rivera,* 79 D.P.R. 880, (1957); *Fernández v. Rivera,* 70 D.P.R. 900, 905 (1950); *Pueblo v. Emmanuelli,* 67 D.P.R. 667, 675 (1947); *Pueblo v. Feliciano,* 67 D.P.R. 247, 250 (1947). Las circunstancias del caso de autos no justifican que intervengamos con el ejercicio de discreción del Tribunal de Primera Instancia. El dictamen hecho por el juzgador de los hechos sólo será alterado en apelación ante una demostración de prejuicio, parcialidad, pasión o error manifiesto que haga necesaria nuestra intervención. *Pueblo v. Fradera Olmo,* 122 D.P.R. 67 (1988); *Pueblo v. Pellot,* 121 D.P.R. 791 (1985); *Pueblo v. De Jesús Rivera,* 113 D.P.R. 817 (1983); *Pueblo v. Pagán Díaz,* 111 D.P.R. 608 (1981); *Pueblo v. López Ramos,* 96 D.P.R. 699 (1968). No estamos ante esta situación.

Es imperativo recalcar que el propósito que guía la imposición de una sentencia suspendida es uno rehabilitador.

En *Pueblo v. Vega Pérez,* ___ D.P.R. ___ (1990), **90 J.T.S. 10,** a la pág. 7351, el Tribunal Supremo de Puerto Rico expresó:

*"La idea básica tras el mecanismo de la sentencia suspendida es sumamente sencilla: lograr que un convicto de delito viva una vida productiva en la sociedad, alejado del trasiego delictivo, bajo un sistema de supervisión. La sentencia suspendida es una alternativa beneficiosa en casos apropiados, tanto para el convicto como para la sociedad. La concesión de una sentencia suspendida a un convicto de delito evita los efectos negativos en el individuo que la reclusión frecuentemente produce, minimiza el impacto de la reclusión sobre los dependientes y familiares del convicto, preserva la libertad del delincuente sin sacrificar el interés social en la prevención y corrección del crimen, y promueve afirmativamente la rehabilitación del delincuente al permitirle mantener contactos sociales normales pero condicionados en la comunidad".*

Este Tribunal entiende que el Tribunal de Primera Instancia, no abusó de su discreción al otorgarle el beneficio de sentencia suspendida al recurrido, una vez concluyó que ese curso de acción está permitido por ley. El Tribunal entendió que la mejor manera de lograr el propósito rehabilitador que inspira la ley era concediéndole al convicto la libertad a prueba. Nosotros confirmamos dicha determinación.

En la vista oral celebrada en el caso de autos se nos informó que la perjudicada no tenía objeción alguna a que se le concediera la probatoria al recurrido. No obstante, precisa aclarar que las condiciones impuestas como requisito para otorgar la probatoria, que fueron aceptadas por el probando, deben ser rigurosamente supervisadas para su más efectiva aplicación. No basta que las condiciones consten en un papel. Es necesario que el funcionario a cargo de la supervisión del probando diseñe y establezca los mecanismos adecuados que propicien la más estrecha colaboración entre ambos, de manera que se optimicen las probabilidades de viabilizar, dentro de parámetros reales, la rehabilitación que promueve la ley.

Ahora bien, consideramos adecuado intervenir con las condiciones para la probatoria impuestas por el Tribunal de Primera Instancia y modificar las mismas imponiendo dos condiciones adicionales: (1) el probando vendrá obligado a someterse a tratamiento para su condición de adicción al alcohol; (2) el probando vendrá obligado a someterse al proceso de reeducación ofrecido por el Instituto

Ponceño del Hogar. Nos parece imprescindible señalar que las condiciones tienen que ser aplicadas rigurosa y estrictamente, y que de ese cumplimiento deben encargarse no sólo el Estado y sus funcionarios a cargo del proceso de rehabilitación, sino que la responsabilidad mayor debe recaer en el probando. Entendemos que para lograr la rehabilitación del recurrido es necesario que se le imparta mayor ahínco y esfuerzo a someterlo a un tratamiento que pueda corregir efectivamente su grave problema de alcoholismo, que en ocasiones, ha sido el que ha desencadenado la agresividad que ha culminado en actos de maltrato contra la mujer. No le estamos ofreciendo alternativas al probando: o se somete a tratamiento para su condición de alcoholismo y de agresividad hacia la mujer o se le revocará la probatoria, e irá a la cárcel.

Sobre todo debe inculcarse en el probando con firmeza que la responsabilidad primaria sobre su rehabilitación recae sobre sus hombros. Tenemos el más pleno convencimiento, y en eso coincidimos con el Tribunal de Primera Instancia, que a la luz de todas las circunstancias concurrentes, el recurrido merece una oportunidad de rehabilitarse; si no la aprovecha, no debe tener duda alguna, que todo el peso de la ley recaerá sobre él.

### III

Por todo lo anteriormente expuesto, este Tribunal entiende que no abusó de su discreción el Tribunal de Primera Instancia al concederle al aquí recurrido el beneficio de sentencia suspendida, por lo que se expide el auto, se modifica la sentencia recurrida y, así modificada, se confirma.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 96 DTA 43

**1.** Caso Núm. JLE94G0162.

**2.** Véase Resolución del 7 de junio de 1994 emitida por el Honorable Juez Frank Rodríguez García, Apéndice II.

**3.** Caso Núm. JLE-95-G0128.

**4.** Existen regímenes especiales de libertad a prueba en nuestro ordenamiento. El Artículo 404 (b) de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404 (b) y la Regla 247 de Procedimiento Criminal. 34 L.P.R.A., R. 247.1, proveen un procedimiento similar al establecido en el Artículo 3.6 de la Ley 54, *supra*, para otorgar la libertad a prueba a los acusados de ciertos delitos. Dichos procedimientos contienen la misma disposición en cuanto a que en caso de incumplirse una condición de la libertad a prueba, el Tribunal podrá dejar sin efecto la misma y proceder a dictar sentencia. Nuestro Tribunal Supremo ha distinguido el procedimiento especial de la Regla 247.1 y el del Artículo 404 (b) del regular establecido en la Ley de Sentencias Suspendidas, *supra*, 34 L.P.R.A. secs. 1026, *et seq.* así ha expresado que bajo los procedimientos especiales, el Tribunal no hace pronunciamiento de culpabilidad y no dicta sentencia, lo que hace es señalar un término durante el cual someterá a la persona a tratamiento. Si incumple, se revoca la libertad a prueba y es entonces cuando se dicta sentencia por primera vez. Bajo el Artículo 3.6 de la Ley de Violencia Doméstica, se dispone este mismo procedimiento cuando se incumple una condición de la probatoria, por lo que le son aplicables estas distinciones. Bajo el estatuto general estatuido en la Ley de Sentencias Suspendidas, el Tribunal dicta sentencia y permite que el convicto la cumpla sin estar recluido. *Pueblo v. Texidor Seda,* ___ D.P.R. ___ (1991), **91 J.T.S. 57.**