# 97 DTA 100

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL III DE ARECIBO Y UTUADO PANEL I

### SUCN. DE JUAN E. GONZALEZ SANCHEZ, ET AL.
Demandantes-Apelantes

v.

### ISLA PETROLEUM CORP., ET AL.
Demandados-Apelados

Núm. KLAN-96-01138

San Juan, Puerto Rico, a 30 de abril de 1997

Panel integrado por su presidenta, Juez señora Rivera de Martínez
y los Jueces señor Cabán Castro y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso de apelación solicita de esta Curia la revocación de una sentencia dictada por el Tribunal de Primera Instancia que desestimó una demanda de daños y perjuicios por incumplimiento de contrato; que, además, solicitó la rescisión de tal contrato. Arguye la parte demandante-apelante que es improcedente la sentencia de autos, desestimando la demanda bajo la Regla 39.2 (c) de Procedimiento Civil, ■ por constituir la prueba ofrecida por esa parte ante el Tribunal de Instancia evidencia que sostiene las alegaciones levantadas en su demanda. Se confirma la sentencia apelada.

El 27 de septiembre de 1989 el señor Juan Ernesto González Sánchez y su esposa, señora Josefina González Nolla, suscribieron un contrato de arrendamiento con Isla Petroleum Corporation, de ahora en adelante Isla. Ese contrato fue elevado a documento público, mediante la escritura número 30 otorgada el 27 de septiembre de 1989 ante el Notario Público, licenciado Emilio Cancio Bello. ■

El matrimonio González-González, arrendó a Isla un inmueble de su propiedad que se describe de la forma siguiente:

*"RUSTICA: Parcela de terreno que radica en el Barrio Yeguada, del término municipal de Camuy con una cabida de cuarenta y nueve centésimos de una cuerda que colinda por el NORTE, con la Carretera Militar número Dos (2) [sic], por el SUR con ramal Carretera Vieja número Dos (2), por el ESTE con Sucesión Jiménez, por el OESTE con Félix González Guillama, hoy Vicente González. Se ubica una estructura de concreto armado con techo del mismo material, consiste en salón de ventas, almacén, un cuarto de servicio e isla para la instalación de bombas para el expendio de gasolina.*

*NOTA: Al margen de la inscripción tercera al folio 171vlto. del tomo setenta (70) de Camuy. Indica: Confrontada la inscripción con el documento que motiva la misma, se hace constar que la adjunta inscripción tercera se practicó con el defecto subsanable de no expresarse la equivalencia de la cabida de la finca con arreglo al sistema métrico decimal."*

El término del arrendamiento fue establecido por quince (15) años, con una prórroga automática por cinco (5) años adicionales, a menos que cualquiera de las partes notificara a la otra su intención de no renovar, por lo menos seis (6) meses con anterioridad al vencimiento del mismo.

El canon de arrendamiento que habría de pagar Isla sería de $2,500 mensuales durante el término del contrato, de ejercitarse la opción de prórroga el canon sería de $4,000 mensuales durante el término de cinco (5) años.

Isla se comprometió a realizar una inversión al inmueble arrendado como parte del contrato. Tal convenio surge del apartado cuatro de las *"Cláusulas y Condiciones"* del contrato, que reza de la forma siguiente:

*"Cuarta: Como causa adicional a este contrato, la ARRENDATARIA invertirá en la PROPIEDAD la cantidad de cuatrocientos mil dólares ($400,000.00), de los cuales doscientos cincuenta mil dólares ($250,000.00) corresponden a mejoras de la propiedad y ciento cincuenta mil dólares ($150,000.00) corresponden a equipo. El edificio a construirse será de no menos de mil setecientos treinta y seis (1,736) pies cuadrados y la marquesina de no menos de dos mil ciento treinta y cinco (2,135) pies cuadrados."*

La parte arrendadora recibió, además, la suma de $44,000 por concepto de la compra de una estructura y equipo existente en la propiedad y se reservó para su uso un edificio existente en la parte sur del inmueble arrendado.

Aproximadamente un año y medio después de otorgarse el contrato falleció el arrendador, señor Juan González Sánchez.

A finales del 1991 o principios del 1992, la arrendataria comenzó la construcción del edificio y al demandante, aquí apelante, percatarse que no era conforme a lo pactado en el contrato de arrendamiento se comunicó con el arrendador para informarle de tal situación. ■

En la actualidad ya está construida una edificación de 507.50 pies cuadrados. La parte demandante manifestó desconocer si la marquesina construida mide más de los 2,135 pies cuadrados pactados. El negocio opera como tienda de conveniencia *("convenience store")* y gasolinera. La arrendataria invirtió la cantidad de $212,299.95 en la construcción de las edificaciones y $86,683.27 en la compra de equipo. ■

Del contrato de arrendamiento no surge la fecha en que debe comenzar y finalizar, dentro del término de quince (15) años pactado, la construcción de las edificaciones y la instalación del equipo pactado.

Por un alegado incumplimiento de lo pactado, la parte demandante, aquí apelante, instó acción de daños y perjuicios contra Isla. Solicitó, además, la rescisión del contrato y que se le entregara la posesión del inmueble arrendado.

La vista en su fondo del caso de autos fue celebrada el 13 de febrero de 1996. Toda la prueba documental fue estipulada por las partes. Concluida la presentación de la prueba de la parte demandante, Isla solicitó la desestimación de la demanda en su contra al amparo de la Regla 39.2 (c) de Procedimiento Civil, *supra*. El Tribunal de Primera Instancia suspendió la celebración de la vista en su fondo y le concedió un término a ambas partes para que sometieran por escrito sus respectivos argumentos. Después de evaluar los escritos presentados por ambas partes, el Tribunal de Primera Instancia declaró con lugar la solicitud de desestimación presentada por Isla y dictó la sentencia apelada. ■

El recurso de apelación ante nos fue presentado el 6 de noviembre de 1996. El alegato de la parte apelada fue presentado el 27 de noviembre de 1996.

El 30 de enero de 1997 emitimos resolución concediendo término a la parte apelante para presentar exposición narrativa de la prueba oral al Tribunal de Primera Instancia. El 27 de febrero de 1997 la parte apelante presentó un escrito titulado *"Moción en cumplimiento de orden de 30 de enero de 1997"*. Allí nos indicó que no era necesario, bajo las circunstancias particulares de este caso, la preparación de una exposición narrativa de los testimonios, *"ya que éstos están sostenidos por la prueba documental y por las conclusiones de hecho del Tribunal de Primera Instancia"*. Nos expresó, que esta Curia está en posición de realizar sus propias conclusiones de derecho con la evidencia documental estipulada y con las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. Así, pues, quedó sometido, a solicitud de la parte apelante, el presente recurso para su disposición final.

## II

El presente recurso levanta como error cometido por el Tribunal de Primera Instancia lo siguiente:

Incurrió en error manifiesto el Honorable Tribunal de Primera Instancia al concluir que la parte demandada no incumplió con las cláusulas del contrato al haber construido una edificación de menor tamaño y menor valor y que lo actualmente construido es solo [sic] transitorio.

La parte demandante-apelante nos argumenta que el cumplimiento del contrato de arrendamiento otorgado entre las partes no puede quedar al arbitrio de ninguno de los contratantes. Arguye, que el hecho que ese contrato no especifique el momento, durante el transcurso del término del mismo, para la construcción de las edificaciones y la instalación de los equipos pactados, no implica que Isla puede cumplir, a su arbitrio, en cualquier momento durante el transcurso de tal término. Afirma, que tiene que cumplir con tal obligación al comienzo del término del arrendamiento. No tiene razón. Veamos.

El Artículo 1208 del Código Civil de Puerto Rico ■ dispone lo siguiente:

*"La validez y el cumplimiento de los contratos no pueden dejarse al arbitrio de uno de los contratantes."*

Comenta el comentarista español Scaevola sobre el precepto legal equivalente del Código Civil Español, ■ que arbitrio quiere decir facultad, libre albedrío, voluntad y aún capricho; validez significa firmeza, subsistencia; y cumplimiento, ejecución, realidad. Añade, que tales elementos pueden considerarse en una nueva fórmula: *"La efectividad de un contrato no puede quedar a la merced o mera voluntad de una de las partes"*. ■

La sustantividad de esta disposición de nuestro Código Civil, parte de la premisa articulada de aquello que es elemento propio de la vida contractual. La doctrina del contrato admitido como parte del derecho positivo en nuestro ordenamiento jurídico acepta la sustantividad de tal precepto legal. Siendo el contrato el concurso de dos o más voluntades respecto a una cosa, es clara la ilicitud del contrato, que deja el cumplimiento del acuerdo común a la merced de los interesados. ■

Las obligaciones que surgen del contrato de arrendamiento en cuestión son puras y simples, por no estar su cumplimiento sujeto a suceso futuro e incierto alguno. Son exigibles sino hay obstáculo alguno para su realización ■ y, como hemos visto, no puede quedar su cumplimiento a la merced de una de las partes.

No puede quedar al arbitrio de uno de los contratantes, según nuestro Artículo 1208, *supra*, el cumplimiento del contrato de arrendamiento, por ser éste un concepto que se refiere a la esencia de las obligaciones que genera ese contrato. A través de tal precepto el legislador no prohíbe aquella determinación de las partes, expresada en el contrato, de cómo y hasta cuándo ha de existir el mismo. ■

El hecho de que Isla no haya comenzado la construcción de las edificaciones y la instalación del equipo pactado al comienzo del término de arrendamiento, no convierte su conducta en aquella prohibida por el precepto legal contenido en nuestro Artículo 1208, *supra*. Tal asunto concierne al tiempo de su obligación. Está relacionado a lo fundamental de esa obligación. La falta de mención en el contrato de arrendamiento de cuándo habrían de prácticarse tales obras no deja a la merced de Isla el cumplimiento de su obligación, sino el tiempo de su cumplimiento. En el contrato de arrendamiento en cuestión no existe indeterminación en el tiempo, respecto al cumplimiento de la obligación de Isla, ya aludida. No hay duda que tiene que cumplir con la misma durante el término de quince (15) años pactado para la duración del contrato. El plazo para el cumplimiento de tal obligación por Isla no ha quedado a su voluntad, fue determinado en el contrato. ■

El Tribunal de Primera Instancia concluyó correctamente que la acción para la rescisión del contrato incoada por la parte demandante, aquí apelante, era improcedente en derecho, por no cumplir con lo prescrito en el Artículo 1243 del Código Civil de Puerto Rico. ■ No obstante, el Tribunal de Primera Instancia, cumpliendo con su obligación, analizó la acción incoada por esa parte como una de resolución de contrato por incumplimiento de lo allí pactado. ■

¿Incumplió Isla con su obligación de construir las edificaciones e instalar el equipo contemplado en el apartado cuatro de las *"Cláusulas y Condiciones"* del contrato, por no haber edificado las mismas en la forma pactada, al comienzo del término de quince (15) años? La contestación es en la negativa. Veamos.

Durante el término de duración del contrato de arrendamiento de la propiedad inmueble en cuestión le corresponde a Isla el goce y uso material de la misma, a cambio del pago de los cánones de arrendamiento y las demás prestaciones allí pactadas. ■ La parte demandante-apelante tiene derecho a recibir los cánones de arrendamiento y las prestaciones a que se obligó Isla con respecto a la inversión pactada sobre el inmueble. Concluyó correctamente el Tribunal de Primera Instancia que la parte demandante, aquí apelante, no podía reclamar el incumplimiento del apartado cuatro de las *"Cláusulas y Condiciones"* del contrato hasta tanto venciera el término de duración pactado para el mismo, que es cuando revierte la posesión, el goce y uso material del inmueble. Sólo en ese momento, de no haber cumplido Isla con su obligación, tendría la parte demandante, aquí apelante, derecho a presentar su acción de incumplimiento de contrato y daños y perjuicios.

El principio de equidad a que responde el Artículo 1077 de nuestro Código Civil ■ revela el respeto que los contratos celebrados merecen. No se puede pretender la resolución del vínculo contractual en aquellos supuestos en que no se patentiza de un modo indubitado una grave falta a las obligaciones contractuales. El respeto que los contratos lícitos y válidamente celebrados merecen, alude al principio de conservación del contrato en cuanto éste sirve para alcanzar los fines propuestos para las partes. La finalidad del contrato es su cumplimiento o su ejecución en el término pactado.

Este Tribunal concluye que la parte demandante, aquí apelante, no ha demostrado en forma indubitada que Isla haya incurrido en el incumplimiento de lo pactado, hasta el presente. Concluimos, además, que el contrato en la forma en que está redactado, permite que Isla cumpla con su obligación en el período que resta del término original del contrato de arrendamiento.

Radicada la moción de desestimación por Isla, después que el demandante terminó la presentación de su prueba, bajo la Regla 39.2 (c) de Procedimiento Civil, *supra*, el Tribunal de Primera Instancia estaba facultado, en esa etapa de los procedimientos, a aquilatar la prueba presentada por el demandante, aquí apelante, y a formular su apreciación de los hechos, según la credibilidad que le hubiere merecido la evidencia. Esa facultad debe ejercitarse después de un escrutinio sereno y cuidadoso de la prueba, siendo preferible en caso de duda, el requerir al demandado que presente su evidencia. ■

No estamos en posición de intervenir con las conclusiones del Tribunal de Primera Instancia a base de la prueba documental estipulada. Concluimos que el Tribunal de Primera Instancia no incurrió en error manifiesto en la apreciación de la prueba documental estipulada por las partes. En ausencia de una exposición narrativa de la prueba oral, no estamos en posición de evaluar si el Tribunal de Primera Instancia cometió error en la apreciación de tal prueba al considerar la solicitud de desestimación acogida y resuelta afirmativamente por ese Tribunal. ■ La parte aquí apelante no logró rebatir la presunción de corrección a que está acogida la sentencia apelada. ■

## III
Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 100**

**1.** 32 L.P.R.A.. R. 39.2 (c), Ap. III.

**2.** Apéndice III, págs. 10-24 del recurso de apelación.

**3.** Apéndice IV, págs. 25-28, *Ibid.*

**4.** Apéndice VI, pág. 38, *Ibid.*

**5.** Apéndice IX, págs. 56-63, *Ibid.*

**6.** 31 L.P.R.A. § 3373

**7.** Artículo 1256 del Código Civil Español.

**8.** Scaevola, *Código Civil,* 2da. ed., Madrid, Instituto Editorial REUS, 1958, Tomo XX, pág. 591.

**9.** *Ibid,* págs. 591-592.

**10.** Artículo 1066 del Código Civil de Puerto Rico, 31 L.P.R.A. § 3041.

**11.** Scaevola, *supra,* pág. 596.

**12.** Scaevola, *supra,* págs. 596-597.

**13.** 31 L.P.R.A. § 3492.

**14.** *Turabo Limited Partnership v. Velardo Ortiz,* 131 D. P.R.___, **92 J.T.S. 44**, opinión del 8 de abril de 1992.

**15.** Artículo 1433 del Código Civil de Puerto Rico, 31 L.P.R.A. § 4012; *Garaje Coop. v. Arco Caribbean Inc.,* 111 D.P.R. 52, 54 (1981).

**16.** 31 L.P.R.A. § 3052.

**17.** *Romero Arroyo v. E.L.A.,* ___ D.P.R. ___ (1995), **95 J.T.S. 158,** opinión del 7 de diciembre de 1995; *Colombani v. Gobierno Municipal de Bayamón,* 100 D.P.R. 120 (1971); *Irizarry v. A..F.F.,* 93 D.P.R. 4161 (1966).

**18.** *Fermín Orta v. Padilla Ayala,* 140 D.P.R. ___ (1995), **95 J.T.S. 21,** opinión del 8 de febrero de 1995. *Benítez Guzmán v. García Merced,* 126 D.P.R. ___ (1990), **90 J.T.S. 62,** opinión del 30 de abril de 1990. *Sánchez Rodríguez v. López Jiménez,* 116 D.P.R. 172 (1985); *Pérez Cruz v. Hosp. de la Concepción,* 115 D.P.R. 721 (1984).

**19.** *Pueblo v. Rosario Reyes,* 140 D.P.R. (1995), **95 J.T.S. 74,** opinión del 7 de junio de 1995; *Pueblo v. Torres Rivera,* 129 D.P.R. ___ (1991), **91 J.T.S. 82,** opinión del 28 de junio de 1991; *Pueblo v. Pellot Pérez,* 121 D.P.R. 791 (1989); *Pueblo v Millán,* 110 D.P.R. 171 (1980); *Pueblo v. Nevárez Virella,* 101 D.P.R. 11 (1973j) *Pueblo v. López Ramos,* 96 D.P.R. 699, 703 (1968).