EL PUEBLO DE PUERTO RICO, apelado, *v.* INÉS VÁZQUEZ CINTRÓN, acusado y apelante.

*Número:* CR-86-63    *Resuelto:* 18 de noviembre de 1988

*Ivette Aponte Nogueras, Felipe Cirino Colón* y *Jesús R. Morales Cordero,* abogados del apelante; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El presente recurso nos permite aclarar y precisar las circunstancias en que una persona, que tiene una *licencia para tener y poseer* un arma de fuego debidamente expedida por el Superintendente de la Policía de Puerto Rico, infringe el Art. 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 418.

I

Para la fecha de la ocurrencia de los hechos —9 de junio de 1985— el apelante Inés Vázquez Cintrón vivía en una casa de madera de su propiedad en el Barrio Galateo de Toa Alta, Puerto Rico. Dicha casa se encuentra localizada en un área —finca propiedad de terceros— donde se encuentran enclavadas otras residencias pertenecientes a distintas personas. Las referidas residencias se "comunican" con la Carretera Estatal Núm. 165, jurisdicción de Toa Alta, por un pequeño camino o carretera que no posee ningún tipo de rotulación ni nombre. De hecho, dicho camino es uno sin salida que termina precisamente donde se encuentran enclavadas dichas residencias. Una de estas casas, la cual colinda con la del apelante, pertenecía a un hijo de crianza de éste de nombre Carlos Vázquez. Las relaciones entre el apelante y su hijo de crianza se habían deteriorado por razón de diferencias en cuanto a las "colindancias" de sus respectivas casas.

En horas de la mañana del día 9 de junio de 1985, el Sr. Carlos Vázquez llegó al sitio antes indicado en compañía de un carpintero de nombre Salvador Montañez Nieves —y la esposa de este último— quien le haría un estimado sobre la demolición de su casa vieja de madera y la construcción de una nueva. Los señores Vázquez y Montañez Nieves se dirigieron al sitio donde estaba enclavada la casa del primero, permaneciendo la esposa de Montañez Nieves en el camino vecinal antes indicado en el interior de su automóvil.

Habiéndose percatado el apelante de la llegada de estas personas, tomó su revólver —para el cual tenía una licencia de tener y poseer, como jefe de familia, debidamente expedida por el Superintendente de la Policía de Puerto Rico— y salió fuera de su hogar. Se dirigió primeramente al camino al que hemos hecho referencia anteriormente donde conversó brevemente con la esposa del señor Montañez Nieves, informándole ésta el propósito de la visita de su esposo al lugar. El apelante luego se dirigió hacia donde se encontraba Vázquez y el señor Montañez Nieves. El apelante intercambió unas palabras con su hijo de crianza, luego de lo cual le hizo tres (3) disparos con el revólver que portaba sobre su persona, alcanzando a éste uno de dichos disparos por la espalda, lo que le produjo una hemorragia que le causó la muerte.

Contra el apelante el Ministerio Fiscal radicó pliegos acusatorios por los delitos de homicidio voluntario y de infracción al Art. 8 de la citada Ley de Armas de Puerto Rico. El Jurado que intervino en el juicio que le fuera celebrado al apelante ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, lo absolvió del delito de homicidio y rindió un veredicto condenatorio en el caso de la Ley de Armas de Puerto Rico. El tribunal de instancia lo sentenció, bajo el régimen de sentencia suspendida, a una pena de tres (3) años de prisión.

Inconforme, apeló ante este Tribunal. Le imputó al foro de instancia la supuesta comisión de seis (6) errores, a saber:

A— ERRO EL HONORABLE TRIBUNAL AL NO ADMITIR EL TESTIMONIO DEL SR. JAIME MORALES RODRIGUEZ —VICE-ALCALDE DEL MUNICIPIO DE TOA ALTA— A LOS EFECTOS DE QUE EL CAMINO ATRAVESADO POR EL APELANTE EL DIA DE LOS HECHOS, POR EL CUAL SE ALEGO QUE TRANSPORTO UN ARMA DE FUEGO, ERA UN CAMINO PRIVADO Y NO UNA VIA PUBLICA.

B— ERRO EL HONORABLE TRIBUNAL AL NO ADMITIR LA IDENTIFICACION NUMERO TRES DE LA DEFENSA OFRECIDA PARA LOS MISMOS FINES QUE EL TESTIMONIO DEL SR. JAIME MORALES RODRIGUEZ.

C— ERRO EL HONORABLE TRIBUNAL AL NO OFRECER AL JURADO UNA INSTRUCCION SOBRE PORTACION INCIDENTAL DE UN ARMA DE FUEGO.

.D— ERRO EL HONORABLE TRIBUNAL AL DECLARAR SIN LUGAR LA MOCION DE ABSOLUCION PERENTORIA PRESENTADA POR LA DEFENSA DEL APELANTE.

E— ERRO EL HONORABLE TRIBUNAL AL DETERMINAR LA EXISTENCIA DE PRUEBA SUFICIENTE MAS ALLA DE DUDA RAZONABLE PARA ESTABLECER QUE EL APELANTE SE ENCONTRABA EN UNA VIA PUBLICA AL UTILIZAR UN REVOLVER.

F— ERRO EL HONORABLE TRIBUNAL AL OFRECER AL JURADO UNA INSTRUCCION SOBRE POSIBLES VEREDICTOS DISTINTOS EN CADA UNO DE LOS CASOS IMPUTADOS. Alegato, págs. 18–19.

Como podemos apreciar, la inmensa mayoría de los transcritos señalamientos de error van dirigidos a cuestionar *la suficiencia* de la prueba presentada por el Estado.[1] Alega el apelante, en síntesis y en lo pertinente, que dicha prueba es insuficiente en derecho "por el fundamento de que no se

---

[1] Señalamientos de error (A), (B), (D) y (E).

estableció que [él] port[ó] el arma de fuego en la vía pública" por cuanto el camino por el cual él alegadamente transitó, teniendo consigo el revólver, no cualifica como tal. Alegato, pág. 20.

No le asiste la razón. Dadas las circunstancias particulares del presente caso, el hecho de si ese camino es o no una "vía pública" resulta ser inmaterial a los fines de la determinación de si el apelante violó o no el citado Art. 8 de la Ley de Armas de Puerto Rico.

## II

■ Aun cuando es cierto que una lectura de algunas de las decisiones que sobre la materia hemos emitido en el pasado puede dar la impresión de que hemos establecido la norma jurisprudencial a los efectos de que para que se entiendan infringidas las disposiciones del Art. 8 de la Ley de Armas de Puerto Rico, ante, la portación de un arma de fuego sin licencia para ello por el imputado de delito *necesariamente* tiene que haber ocurrido en la "vía pública", esto es, que dicho hecho es un *elemento esencial* del referido delito —*Pueblo v. López Ramos*, 96 D.P.R. 699, 703 (1968); *Pueblo v. Hernández Pérez*, 93 D.P.R. 182, 187 (1966); *Pueblo v. Rivera*, 75 D.P.R. 425, 431 (1953)— *dicha impresión resulta ser una errónea.*

■ No hay duda de que una persona infringe el citado Art. 8 de la Ley de Armas de Puerto Rico cuando porta, sin licencia para ello, un arma de fuego en una de las vías públicas de nuestro país. Tampoco debe haber duda, sin embargo, de que un ciudadano puede efectivamente violar las disposiciones del citado artículo de ley aun cuando no haya portado el arma de fuego en la vía pública.

■ La cabal comprensión de lo antes expresado requiere que repasemos las disposiciones tanto del citado *Art.*

*8* como las del *Art. 15* de la mencionada Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 418 y 425. El referido Art. 8 de la Ley de Armas de Puerto Rico dispone:

> Sec. 418. *Portación sin licencia de armas cargadas o sus municiones a la vez*
>
> Toda persona que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego cargada, o que porte, conduzca o transporte cualquier pistola, revólver, o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, sin tener una licencia para portar armas expedida según más adelante se dispone, será culpable de delito grave.

■ Como podemos apreciar, la transcrita disposición legal *no* establece como requisito, o elemento, del delito que castiga que el arma de fuego sea portada, conducida o transportada en la "vía pública". *De hecho, del lenguaje del Art. 8 de la Ley de Armas de Puerto Rico, ante, no se desprende en lo absoluto el "lugar" donde la persona, que no tiene licencia para portar armas, efectivamente comete el delito de portación prohibido por el mismo, o, si se quiere, expresado de la manera contraria, dicho artículo de ley no establece el "lugar" en que puede legalmente portar un arma de fuego el ciudadano que sólo tiene una licencia expedida por el Superintendente de la Policía para tener y poseer dicha arma.*

■ La contestación de dichas interrogantes radica en las claras disposiciones del citado Art. 15 de la Ley de Armas de Puerto Rico. Dispone el mismo:

> Sec. 425. *Licencia para poseer armas de fuego; armas para agricultores*
>
> El Superintendente de la Policía de Puerto Rico, al presentársele solicitud para ello por *cualquier jefe de familia,* comerciante o agricultor, y siempre que se cumplan los requisitos que más adelante se disponen, podrá expedir a tal solici-

tante una *licencia para tener y poseer* una pistola o revólver y autorizándole, *si jefe de familia, a tener y poseer tal arma en su residencia* o, si comerciante, a tener y poseer un arma en su sitio de negocios o, si agricultor, un arma en su finca rústica. *La licencia que por esta sección se dispone no autoriza a portar dichas armas fuera de la residencia, sitio de negocio o finca rústica según sea el caso.*

El Superintendente de la Policía de Puerto Rico podrá además conceder una licencia a cualquier persona para tener y poseer una escopeta en una finca rústica de la cual tal persona fuere dueño, poseedor o administrador.

Las disp[os]iciones de este párrafo no se interpretarán en el sentido de autorizar al Superintendente de la Policía de Puerto Rico para conceder licencias para tener y poseer en la misma finca rústica más de un arma corta (revólver o pistola) y un arma larga (escopeta). (Énfasis suplido.) 25 L.P.R.A. sec. 425.

Como podemos notar, el Art. 15 de la Ley de Armas de Puerto Rico, ante, contesta las interrogantes ante nuestra consideración. Del mismo se desprende con meridiana claridad que toda persona que como jefe de familia, comerciante o agricultor le haya sido expedida una licencia de tener y poseer un arma de fuego por el Superintendente de la Policía *podrá no sólo poseer sino que portar* dicha arma de fuego en su residencia y dentro de los linderos, límites y colindancias de la misma, o de su sitio de negocio o de su finca, según sea el caso, y que dicho ciudadano infringirá el Art. 8 de la Ley de Armas de Puerto Rico, ante, siempre que porte, conduzca o transporte dicha arma de fuego *más allá de los límites* de su residencia, negocio o finca, respectivamente, *independientemente del hecho* de que dicha portación ocurra o no en una vía pública.(2)

_____

(2) A manera de ejemplo podemos señalar la situación en que un ciudadano que tiene licencia para tener y poseer, como jefe de familia, un revólver en su residencia invada, "sin poner un pie en la vía pública", la residencia del vecino con

## III

De acuerdo con los hechos del presente caso, el apelante —quien tenía licencia para tener y poseer, como jefe de familia, el arma de fuego en controversia en su residencia— portó, condujo y transportó la misma fuera de las colindancias o límites de la misma, portando dicha arma de fuego no sólo por el camino vecinal en controversia sino que en la residencia de su hijo de crianza. Al así hacerlo, infringió el Art. 8 de la Ley de Armas de Puerto Rico, ante, independientemente del hecho de que dicho camino fuera o no una "vía pública". Véanse: *Pueblo v. Pierantoni*, 67 D.P.R. 806, 811 (1947); *Pueblo v. Soto*, 61 D.P.R. 599, 600 (1943); *Pueblo v. Nieves*, 61 D.P.R. 206, 208 (1942).[3]

Por las razones expresadas, *se dictará sentencia confirmatoria de la dictada en el presente caso por el Tribunal Superior de Puerto Rico, Sala de Bayamón.*[4]

Los Jueces Asociados Señores Hernández Denton y Alonso Alonso concurren con el resultado sin opinión escrita.

---

dicha arma en su poder, o, el caso del agricultor que, igualmente sin pisar la vía pública, invada la finca del vecino.

En ambos casos, se violan las disposiciones del Art. 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 418, por cuanto se está portando el arma de fuego, sin licencia para ello, fuera de los linderos de la residencia o finca.

(3) Se alega por el apelante que para que dicho camino pueda ser considerado como "vía pública", el mismo tiene que pertenecer y estar bajo la custodia y control del Estado Libre Asociado de Puerto Rico o del municipio con jurisdicción sobre el sector. Se alega que ello no era así. Dado el resultado a que llegamos, se hace innecesario resolver el punto.

(4) Los señalamientos de error (C) y (F) —esto es, que erró el tribunal de instancia al negarse a transmitir a los señores del Jurado instrucciones sobre "portación incidental" de un arma de fuego y a los efectos de que dicho foro erró al ofrecer al Jurado una instrucción "sobre posibles veredictos distintos en cada uno de los casos imputados" (alegato, págs. 25, 26)— son tan inmeritorios de su propia faz que no ameritan discusión alguna.