EL PUEBLO DE PUERTO RICO, peticionario, *v.* ÁNGEL VEGA PABÓN, acusado y recurrido.

*Número:* CC-96-313          *Resuelto:* 25 de noviembre de 1997

*Carlos Lugo Fiol, Procurador General*, abogado de El Pueblo, peticionario; *Guillermo Batlle Olivo*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

¿Puede una persona sin licencia para poseer un arma cometer tanto el delito de posesión ilegal (Art. 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 416) como el de portación ilegal (Art. 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 418) cuando utiliza dicho instrumento dentro del perímetro de su hogar? Mediante un recurso de *certiorari* comparece ante nos el Ministerio Público y solicita que revoquemos las sentencias del Tribunal de Circuito de Apelaciones y del Tribunal de Primera Instancia que desestimaron la acusación contra Ángel Vega Pabón por viola-

ción del Art. 8 de la Ley de Armas de Puerto Rico (portación ilegal), *supra*. Ambos foros concluyeron que no se configuró el elemento de transportación o conducción del arma requeridos por el citado Art. 8 de la Ley de Armas de Puerto Rico. Revocamos.

## I

En el caso de autos no existe controversia alguna sobre los hechos esenciales. El 12 de julio de 1995 se suscitó una discusión en la residencia del acusado y aquí recurrido Ángel Vega Pabón. Éste y Jorge E. Pacheco Núñez (c/p Pocholó) pelearon en la marquesina de la residencia, ubicada en Alturas de Campo Rico, en Río Grande.

José E. Pacheco Núñez, hermano de Pocholo, testificó en la vista preliminar que cuando llegó a casa del acusado Vega Pabón, éste y Pocholo ya estaban peleando. Vio al acusado con la cara ensangrentada y luego vio al hijo del acusado con un revólver en la mano. En ese momento el hermano salió corriendo. Oyó dos (2) disparos, se volteó y vio al acusado con un arma en la mano y a Pocholo caer muerto en la entrada de la marquesina.

Luego del suceso, el policía Ricardo Santos se presentó en el lugar de los hechos, donde Vega Pabón le entregó pacíficamente el arma, cuyo número de serie estaba borrado. No hay controversia en cuanto a que el acusado Vega Pabón se encontraba en todo momento en la marquesina de su residencia y a que éste no tenía licencia para poseer ni para portar un arma de fuego.

El Ministerio Público presentó cargos contra Vega Pabón por asesinato en primer grado (Art. 83 del Código Penal, 33 L.P.R.A. sec. 4002) e infracciones a los Arts. 6 (posesión ilegal) y 8 (portación ilegal) de la Ley de Armas de Puerto Rico, *supra*, y el Art. 11 (número de serie mutilado) de la citada ley, 25 L.P.R.A. sec. 421. En la vista preliminar, el Tribunal de Primera Instancia encontró causa pro-

bable para acusar a Vega Pabón por asesinato en primer grado y por infracciones a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, *supra.* No encontró causa probable para acusar por violación al citado Art. 11. En la vista preliminar en alzada, sin embargo, sí encontró causa para acusar por violación a dicho artículo.

A tenor de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II,[1] la defensa presentó una moción de desestimación de las acusaciones por infracciones a la Ley de Armas de Puerto Rico, para alegar ausencia total de prueba en cuanto a los elementos de portación y posesión. En corte abierta, el tribunal de instancia desestimó la acusación por violación al Art. 8 de la Ley de Armas de Puerto Rico, *supra* (portación ilegal) por considerar que no se había configurado el elemento de transportación y conducción del arma.

Inconforme, el Procurador General recurrió de dicha determinación al Tribunal de Circuito de Apelaciones, el cual confirmó la determinación de instancia. En su dictamen, el foro apelativo hizo constar que hubiese revocado la determinación recurrida de no ser por el precedente establecido en *Pueblo v. Rodríguez González*, 99 D.P.R. 904 (1971). Nos sugiere, sin embargo, dicho foro que se revise ese precedente a la luz de lo resuelto posteriormente en *Pueblo v. Vázquez Cintrón*, 122 D.P.R. 625 (1988).

El Procurador General acude ante nos mediante un recurso de *certiorari* y plantea que el Tribunal de Circuito de Apelaciones erró al estimar que los precedentes del Tribunal Supremo le obligaban a resolver que cuando una persona no tiene licencia para poseer un arma, su portación dentro del perímetro de su residencia no constituye una

---

[1] La Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone dicha regla que podrá ser fundamento de una moción para desestimar una acusación o denuncia "[q]ue se ha[ya] presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiese determinado causa probable por un magistrado u ordenado su detención para responder por el delito con arreglo a ley y a derecho".

violación al Art. 8 de la Ley de Armas de Puerto Rico, *supra*, que penaliza la portación de ésta sin licencia. Entiende el Procurador que en *Pueblo v. Vázquez Cintrón*, supra, este Tribunal revocó *sub silentio* a *Pueblo v. Rodríguez González*, supra. Por su parte, la defensa señala que no se demostró que el acusado recurrido hubiese portado, conducido o transportado el arma en cuestión, según lo requiere el Art. 8 de la Ley de Armas de Puerto Rico, *supra*, pues éste se mantuvo no sólo dentro de los lindes de su residencia, sino que no se movió del sitio en que fue atacado, la marquesina de su residencia.

Por las razones que expondremos a continuación, revocamos al Tribunal de Circuito de Apelaciones y resolvemos que la portación de un arma dentro del perímetro de su residencia por una persona que no tiene licencia para poseer esa arma constituye una infracción al Art. 8 de la Ley de Armas de Puerto Rico, *supra*.

## II

La posesión, sin licencia, de un arma de fuego está tipificada como un delito en el Art. 6 de la Ley de Armas de Puerto Rico, *supra*, el cual dispone que:

> Toda persona que *tenga o posea*(2) cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave, y si ha sido convicta con anterioridad de cualquier infracción a este capítulo o de cualquiera de los delitos especificados en la sec. 427 de este título, *o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave.* (Énfasis suplido.) 25 L.P.R.A. sec. 416.

Por su parte, el Art. 8 de la Ley de Armas de Puerto

---

(2) "Poseer" implica el tener uno en su poder una cosa; "tener", por su parte, significa poseer y disfrutar, y "tenencia" es la ocupación y posesión actual y corporal de una cosa. *Diccionario de la Lengua Española*, 21ra ed., Madrid, Ed. Espasa-Calpe, 1992, págs. 1167 y 1389.

Rico, *supra*, penaliza la portación sin licencia de armas de fuego cargadas. Éste dispone lo siguiente:

> Toda persona que *porte, conduzca o transporte*[3] cualquier pistola, revólver o cualquier otra arma de fuego cargada, o que porte, conduzca o transporte cualquier pistola, revólver, o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, sin tener una licencia para portar armas expedida según más adelante se dispone, será culpable de delito grave. (Énfasis suplido.) 25 L.P.R.A. sec. 418.

En conformidad con la ley para portar legalmente un arma de fuego es menester contar con una licencia para poseerla. En los casos en que no se tenga una licencia para poseer el arma, no se está autorizado a portarla en ningún sitio. El hecho de que una persona cargue sobre su persona un arma de fuego necesariamente implica, o conlleva a su vez, la posesión o tenencia física de ésta. Sin embargo, se puede poseer un arma sin necesariamente portarla, como lo sería cuando se guarda en un lugar de la residencia o el negocio.

Para incurrir en violación al Art. 6, *supra*, sólo hay que poseer un arma de fuego sin la correspondiente autorización, mientras que para que se conforme una violación al Art. 8, *supra*, tienen que estar presentes no sólo el elemento de posesión de un arma, sino también su portación.

Del lenguaje del Art. 8, *supra*, no se desprende el lugar donde la persona, que no tiene licencia para portar armas, en efectivo comete el delito de portación ilegal. Sin embargo, de otras disposiciones de la misma Ley de Armas de Puerto Rico surge que las licencias sólo autorizan a portar un arma legalmente en el lugar, el tiempo y las circunstan-

---

[3] En términos generales, estos verbos implican la misma acción. De acuerdo con el *Diccionario de la Lengua Española, op. cit.*, pág. 1165, "portar" significa llevar o traer; "conducir" quiere decir llevar o transportar una cosa de una parte a otra (íd., pág. 377), y "transportar" denota llevar cosas de un lugar a otro (íd., pág. 1426).

cias expresadas en ella. Art. 21 de la Ley de Armas de Puerto Rico, según enmendada, 25 L.P.R.A. sec. 431; *Pueblo v. Rodríguez Polanco*, 106 D.P.R. 228 (1977). El Art. 15 de la mencionada ley, 25 L.P.R.A. sec. 425, establece, además, que toda persona a quien como jefe de familia, comerciante o agricultor le haya sido expedida una licencia para tener y poseer un arma de fuego por el Superintendente de la Policía, podrá no sólo poseer sino también portar dicha arma de fuego dentro de los linderos, los límites y las colindancias de su residencia, de su sitio de negocio o de su finca, según sea el caso. *Pueblo v. Vázquez Cintrón*, supra, pág. 631.

Como puede apreciarse, un permiso o una licencia para poseer un arma conlleva a su vez una autorización limitada para portar el arma dentro de un perímetro en particular. Se desprende, pues, que aquél que esté autorizado a poseer y a quien se le ocupe un arma sobre su persona no comete el delito de portación ilegal si está portando el arma dentro del perímetro permitídole por la licencia de posesión.

En *Pueblo v. Rodríguez González*, 99 D.P.R. 904 (1971), este Tribunal revocó la convicción del acusado por violación al Art. 8 de la Ley de Armas de Puerto Rico, *supra*, por razón de tener duda razonable sobre si la portación ocurrió o no en la vía pública o en el perímetro de la residencia del acusado, quien no tenía licencia ni siquiera para la posesión del arma. Se estimó en dicho caso que el testimonio del testigo de cargo era compatible con que el acusado disparó el arma desde el perímetro de la residencia y no desde la vía pública, lo cual producía la duda razonable que acarrea la absolución del acusado. Allí se partió de la premisa equivocada, avalada en opiniones anteriores de este Tribunal,([4]) de que la portación en la vía pública era un elemento

---

([4]) Véanse, entre otros: *Pueblo v. López Ramos*, 96 D.P.R. 699 (1968); *Pueblo v. Hernández Pérez*, 93 D.P.R. 182 (1966); *Pueblo v. Fonseca*, 79 D.P.R. 36 (1956); *Pueblo v. Rivera*, 75 D.P.R. 425 (1953).

esencial del delito de portación ilegal tipificado en el Art. 8 de la Ley de Armas de Puerto Rico, *supra.* Véase J.E. Granados Peña, *Derecho Penal Substancial*, 59 Rev. Jur. U.P.R. 285, 308–309 (1990).

Posteriomente, en *Pueblo v. Vázquez Cintrón*, supra, al confirmar una condena por infracción al citado Art. 8 de la Ley de Armas de Puerto Rico contra un acusado que contaba con licencia para poseer, pero no para portar un arma por razón de ser jefe de familia, este Tribunal aclaró que la portación no necesariamente tiene que haber ocurrido en la vía pública para que se entiendan como infringidas las disposiciones del Art. 8, *supra. Pueblo v. Vázquez Cintrón*, supra, pág. 629. En dicho caso, el acusado había hecho uso del arma, portándola en un camino vecinal y en una residencia contigua a la suya, sin llegar a portarla en la vía pública. Se resolvió que al así actuar, el acusado había infringido el Art. 8 de la Ley de Armas de Puerto Rico, *supra*, por haber portado el arma fuera de los límites autorizados por la licencia de posesión, independientemente del hecho de que el camino en cuestión fuese o no una vía pública.

■ Así, pues, de los precedentes anteriores se desprende que la persona que no tiene una licencia para poseer un arma de fuego incurre en violación al Art. 6 de la Ley de Armas de Puerto Rico, *supra*, con sólo tener bajo su control un arma de fuego, aunque no la lleve consigo o sobre su persona. Así ocurre, por ejemplo, cuando el arma está en su residencia, en cualquier lugar bajo su control. Sin embargo, a la persona a quien se le ocupe un arma de fuego en su casa, y no la tenga sobre su persona, podrá acusársele de posesión ilegal si ésta no cuenta con una licencia para poseer, mas no podrá acusársele de portación por el hecho de que no llevaba el arma consigo, o sobre su persona, porque no la estaba cargando.

■ Sin embargo, en lo que respecta al citado Art. 8 de la Ley de Armas de Puerto Rico, conforme a lo resuelto en *Pueblo v. Vázquez Cintrón*, supra, pág. 631, el ciudadano

*que tenga licencia para poseer un arma* de fuego infringirá dicho artículo siempre que porte, conduzca o transporte dicha arma de fuego más allá de los límites de su residencia, negocio o finca, respectivamente, independientemente del hecho de que dicha portación ocurra o no en una vía pública. En ese sentido nuestros pronunciamientos en *Pueblo v. Vázquez Cintrón*, supra, revocaron a *Pueblo v. Rodríguez González*, supra.

Para incurrir en infracción al Art. 8 de la citada ley, *supra,* la persona que no está autorizada a poseer un arma de fuego sólo debe portar el arma, *no importa el sitio donde lo haga.* La portación en la vía pública es condición suficiente pero no necesaria para la comisión del delito tipificado en el Art. 8, *supra.*

En el caso de marras el acusado no tenía licencia para poseer ni para portar un arma de fuego. De los hechos se desprende que en efectivo portaba el arma sobre su persona.

A la luz de los hechos incontrovertidos en el caso de autos, ambos delitos, la posesión y la portación ilegal del arma de fuego, ocurrieron simultáneamente como parte de un mismo acto o evento, en cuyo caso no sería de aplicación el Art. 43 de la Ley de Armas de Puerto Rico, *supra.* Procede en derecho acusar a una persona por infracción a ambas disposiciones legales. Arts. 6 y 8 de la Ley de Armas de Puerto Rico, *supra.*

Por considerar que el acusado que no está autorizado a poseer un arma tampoco puede, por lo tanto, llevarla consigo ni siquiera en su residencia, *revocamos la desestimación de la acusación por violación al Art. 8 de la Ley de Armas de Puerto Rico,* supra. *A tales efectos, revocamos cualquier interpretación anterior brindada a dicha disposición legal que sea incompatible con lo aquí expresado. Por los fundamentos que anteceden, se revoca la sentencia apelada.*

*Se emitirá la sentencia correspondiente.*

La Juez Asociada Señora Naveira de Rodón concurrió sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.