Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br><br>vs.<br><br><br>Luis E. Flores Matos<br><br>Peticionario | TA2025CE00038 | ***Certiorari***<br>procedente del Tribunal de Primera Instancia, Sala de Aibonito<br><br>Caso Núm.:<br>B LA2025G0018 y otros<br><br>Sobre:<br>Inf. Art. 3.3. Ley 54<br>Inf. Art. 6.05 Ley 168<br>Inf. Art. 6.14 (B) Ley 168 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de agosto de 2025.

Comparece el señor Luis E. Flores Matos (en adelante, Sr. Flores Matos o peticionario) y nos solicita la revocación de la Resolución emitida y notificada el 21 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en lo sucesivo, foro primario o TPI). Mediante el referido dictamen, el foro primario denegó la solicitud de desestimación presentada por el aquí peticionario al amparo de la Regla 64(p) de Procedimiento Criminal, *infra.*

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, expedimos el auto de *Certiorari* a los fines de confirmar el dictamen recurrido por los fundamentos que expondremos a continuación.

**I.**

El 7 de enero de 2025, el Ministerio Público radicó una serie de denuncias contra el Sr. Flores Matos por los delitos de amenaza y portación ilegal de arma, según tipificados en el Art. 3.3 de la Ley

Núm. 54 de la Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 633, y el Art. 6.05 de la Ley Núm. 168-2020, *infra*, respectivamente.

Acontecidos los trámites judiciales de rigor, el 10 de marzo de 2025, el foro primario celebró una vista preliminar al amparo de la Regla 23 de Procedimiento Criminal, *infra*. En lo pertinente a este recurso, el TPI encontró causa probable para acusar al peticionario por el delito de portación ilegal de arma.[1] Así las cosas, el 17 de marzo de 2025 el foro primario efectuó la lectura de acusación.

Posteriormente, el Sr. Flores Matos presentó el 31 de marzo de 2025 una Moción Solicitando Desestimación al Amparo de la Regla 64(p) de Procedimiento Criminal, *infra*. En síntesis, argumentó que la determinación de causa para acusar se debió fundamentar en el Art. 6.08 de la Ley Núm. 168-2020, *infra*, que tipifica la posesión ilegal de armas de fuego, mas no su portación. Ante ese razonamiento, alegó que, el Ministerio Público no presentó los elementos del delito imputado como exige nuestro ordenamiento jurídico. Por lo que, adujo que procede desestimar la acusación radicada en su contra.

Por su parte, el 4 de abril de 2025, el Ministerio Público sometió su Contestación a Moción Solicitando Desestimación al Amparo de la Regla 64P de Procedimiento Civil. Entre otros extremos, arguyó que la acusación presentada responde a una supuesta amenaza por parte del Sr. Pérez hacia la señora Devian Yanis Marrero Caldero, con un arma de la cual no posee licencia. Indicó que, a la luz de la prueba oral desfilada en la vista preliminar, se estableció correctamente la probabilidad de la comisión del delito de portación de arma y su conexión con el

---

[1] Surge del expediente ante nuestra consideración que, el TPI también encontró causa probable para acusar por el delito de amenaza prescrito en el Art. 3.3 de la Ley Núm. 54, *supra*.

peticionario. Por consiguiente, sostuvo que no procede desestimar el caso.

Luego de evaluar los argumentos de las partes, el 21 de abril de 2025, el TPI emitió una Resolución, en la que declaró No Ha Lugar la desestimación. En lo pertinente, dispuso el siguiente pronunciamiento:

> [H]abiendo surgido de la prueba presentada en el caso que nos compete que el señor Flores Matos fue a buscar en su vehículo un bulto que contenía un arma y que luego caminó para acercarse a la señora Marrero Caldero, en efecto, se pasó prueba sobre el elemento de portación.[2]

Oportunamente, el 6 de mayo de 2025, el peticionario sometió una Moción de Reconsideración a Resolución. Reiteró que no incurrió en portación ilegal de arma, sino en posesión. Levantó un nuevo argumento, mediante el cual expuso que la fiscalía no presentó prueba respecto a la ausencia de licencia de arma de fuego. Por lo anterior, solicitó nuevamente la desestimación de la acusación.

Por su parte, el 14 de mayo de 2025, el Ministerio Público interpuso una Oposición a Moción Solicitando Reconsideración a Resolución. Advirtió que, el peticionario esbozó un señalamiento —que previamente no presentó— en torno a la ausencia de evidencia de licencia de arma. Aseguró, a su vez, que la presunción de ausencia de licencia opera en las etapas preliminares al juicio. Asimismo, reiteró que se desfiló prueba sobre todos los elementos del delito de portación de arma.

Evaluados ambos escritos, el 23 de mayo de 2025, el TPI dictó Resolución, en la que declaró No Ha Lugar la reconsideración peticionada.

Inconforme aún, el 25 de junio de 2025, el Sr. Pérez Colón recurrió ante este foro intermedio apelativo mediante una Petición

---

[2] Apéndice del recurso de *Certiorari,* anejo 9, pág. 4.

de *Certiorari*, en el cual presentó el siguiente señalamiento de error:

> *Erró el Honorable Tribunal de Primera Instancia al no desestimar la acusación por violación al Artículo 6.05 de la Ley de Armas, a pesar de que [de] los hechos alegados no surgen que el acusado haya transportado el arma de fuego fuera de los límites de su residencia, elemento esencial para la configuración del delito imputado*

Presentado su recurso, el 8 de julio de 2025, el peticionario sometió un documento intitulado Resumen de la Prueba Testimonial de Vista Preliminar del 6 de marzo de 2025 para Estipularse. En vista de ello, el 11 de julio de 2025, este Tribunal dictó Resolución, en la que establecimos que ambas partes tendrían hasta el 23 de julio de 2025 para estipular el referido escrito. Además, concedimos a la parte recurrida hasta el 5 de agosto de 2023 para presentar su oposición.

En la fecha indicada, la Oficina del Procurador General (en adelante, Procurador General o parte recurrida), en representación del Pueblo de Puerto Rico, presentó una Moción en Cumplimiento de Orden a la cual adjuntó un Resumen de Prueba Presentada en Vista Preliminar Pueblo v. Luis Efrén Flores Matos. En este escrito, indicó que optó por elaborar su propio resumen, en vez de estipular el documento sometido por el Sr. Flores Matos. Con posteridad, entiéndase, el 5 de agosto de 2025, sometió su oposición denominada Escrito en Cumplimiento de Orden.

Con el beneficio de la comparecencia de ambas partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

## II.

### A.

En nuestro esquema apelativo, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un

tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este vehículo procesal se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012). Ello, pues, a diferencia del recurso de apelación, el tribunal revisor puede expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009).

En aras de orientar la discreción judicial, la Regla 40 del Tribunal de Apelaciones, del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita las circunstancias para considerar la expedición del *Certiorari*:

> A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> B. *Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> C. *Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> D. *Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
> E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> G. *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Tales criterios permiten que, los tribunales apelativos revisores ejerzan prudentemente su discreción al decidir si atiende en los méritos el recurso. *Pueblo v. Rivera Montalvo, supra,* a la pág. 373. A su vez, procuran que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* a la pág. 176.

Al examinar si procede o no la expedición de este recurso, nos compete ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 849 (2023). Por consiguiente, no debemos intervenir en las determinaciones de hechos del foro primario, salvo se pruebe prejuicio, parcialidad o craso abuso de discreción o error manifiesto. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). Esta normativa responde a que "el *certiorari* sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso". *Pueblo v. Díaz De León, supra,* a la pág. 918.

**B.**

En todos los procesos criminales, la Constitución de Puerto Rico garantiza la presunción de inocencia de la persona acusada mientras no se pruebe lo contrario. Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1. Asimismo, nuestra Carta Magna reconoce el derecho al debido proceso de ley en el contexto penal. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. En virtud de estas protecciones constitucionales, el Estado ha instaurado una serie de etapas previas al juicio. A esos efectos, nuestro ordenamiento jurídico contempla por la vía estatutaria el derecho a la celebración de una

vista preliminar, según dispuesto en la Regla 23 de Procedimiento Criminal, 32 LPRA Ap. II, R. 23.

El objetivo de esta vista es evitar que un ciudadano se someta arbitraria e injustificadamente a los rigores de un juicio. *Pueblo v. Pérez Delgado*, 211 DPR 654, 664 (2023). Véase, también, *Pueblo v. Nieves Cabán*, 201 DPR 853, 863 (2019). Por tal motivo, esta etapa instituye un paso previo a la acusación, en el cual el Ministerio Público tiene la obligación de demostrar que existe causa probable para procesar a un imputado por la comisión de un delito grave. *Pueblo v. Martínez Hernández*, 208 DPR 872, 881 (2022); *Pueblo v. Figueroa et al.*, 200 DPR 14, 21 (2018). En esencia, este trámite judicial constituye "la autorización para presentar las acusaciones correspondientes". *Pueblo v. Nieves Cabán, supra*, a la pág. 864; *Pueblo v. Negrón Nazario*, 191 DPR 720, 732 (2014).

Así pues, la vista preliminar opera en términos de probabilidades, y su objetivo no es establecer la culpabilidad más allá de duda razonable, sino constatar que el Estado cuenta con la justificación adecuada para continuar con un proceso judicial más profundo. *Pueblo v. Pérez Delgado, supra,* a la pág. 665; *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 623 (2021). Es mediante los criterios de probabilidades que el juzgador llega a una determinación de causa probable para acusar. *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661-662 (1997).

En cuanto a la carga probatoria en esta etapa, el Tribunal Supremo de Puerto Rico ha establecido la siguiente normativa:

> *[L]a vista preliminar es una audiencia de probabilidades y no persigue que se establezca la culpabilidad o la inocencia del imputado. Así, la determinación que se realiza en la vista preliminar no es una adjudicación final en los méritos del caso, ya que eso corresponde propiamente a la etapa del juicio. En cambio, como adelantamos, su objetivo es comprobar si el Ministerio Público tiene justificación adecuada para continuar con un proceso judicial porque*

*no se trata de una imputación frívola e insustancial que no merezca la intervención de los funcionarios que participan en un juicio. Pueblo v. Nieves Cabán, supra, a las págs. 864-865.*

Así que, le compete al Ministerio Público someter aquella prueba pertinente que establezca dos importantes aspectos, a saber: (1) que el delito grave se cometió y (2) que la persona imputada lo cometió. *Pueblo v. Guadalupe Rivera, supra,* a las págs. 623-624; *Pueblo v. Negrón Nazario, supra,* a la pág. 732. De acuerdo con el foro supremo estatal, el Ministerio Público debe cumplir con el siguiente estándar probatorio:

> *[S]u responsabilidad probatoria en esta etapa la hemos definido como una scintilla de evidencia que dé paso a una determinación prima facie sobre los dos aspectos mencionados. Una vez quedan establecidos de forma prima facie los elementos del delito y la conexión del imputado, se justifica una determinación de causa probable. Pueblo v. Nieves Cabán, supra, a la pág. 864; Pueblo v. Negrón Nazario, supra, a las págs. 733-734; Pueblo v. Andaluz Méndez, supra, a la pág. 662.*

La única exigencia es que la evidencia que se presente sea admisible si se presentara en el juicio. *Pueblo v. Colón González,* 209 DPR 967, 982 (2022).

Ahora bien, "[l]o anterior no implica que se confunda esta vista con un mini juicio". *Pueblo v. Nieves Cabán, supra,* a la pág. 864-865; *Pueblo v. Negrón Nazario, supra,* a la pág. 733. Es menester distinguir que, la etapa del juicio es el momento culminante y crítico en el proceso criminal en el que todas las garantías constitucionales operan con fuerza. *Pueblo v. Meléndez Monserrate,* 214 DPR 547 (2024). Mientras que la vista preliminar constituye una audiencia de probabilidades, por lo que, no persigue la culpabilidad o la inocencia del imputado. *Pueblo v. Nieves Cabán, supra,* a la pág. 865. En efecto, su celebración se limita a determinar si existe "una justificación adecuada para continuar con un proceso judicial más extenso y profundo".

*Pueblo v. Guadalupe Rivera, supra,* a la pág. 623; *Pueblo v. Negrón Nazario,* supra, a la pág. 733.

**C.**

Como norma general, la determinación de causa probable alcanzada en la vista preliminar goza de presunción legal de corrección. *Pueblo v. Nieves Cabán,* 201 DPR 853, 866 (2019); *Pueblo v. Andaluz Méndez, supra,* a la pág. 662. No obstante, la parte que enfrenta el procedimiento penal tiene derecho a impugnar este procedimiento mediante una solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64. Esta disposición reglamentaria establece que procederá la desestimación por el siguiente fundamento:

> *(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. Íd.*

La regla precitada otorga un remedio procesal cuando se entiende que la determinación de causa probable para acusar se alcanzó sin arreglo a la ley y a derecho. *Pueblo v. Pérez Delgado, supra,* a la pág. 666; *Pueblo v. Guadalupe Rivera, supra,* a la pág. 626.

Según la interpretación jurisprudencial, una petición desestimatoria a tenor con esta regla prosperará en dos escenarios: (1) cuando se infringió alguno de los derechos o requisitos procesales de la vista preliminar, o (2) cuando se determinó causa probable para acusar, pese a la ausencia total de prueba sobre alguno de los elementos del delito imputado, incluido, entre estos, la prueba sobre la conexión del acusado. *Pueblo v. Pérez Delgado, supra,* a la pág. 666. Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una

presunción de corrección. *Pueblo v. Fernández Rodríguez*, 183 DPR 770 (2011); *Pueblo v. Rivera Vázquez*, 177 DPR 868, 878 (2010). Veamos.

Al evaluar este primer escenario, el tribunal debe determinar si se violó algún derecho procesal del acusado. Por ello, efectuará el siguiente análisis judicial:

> *[E]l juez que atienda una moción de desestimación según este fundamento, tiene el deber de considerar si la vista preliminar se realizó de acuerdo con lo dispuesto en la Regla 23 de Procedimiento Criminal, supra, y si se ofrecieron todas las garantías procesales correspondientes. Por ende, no tienen que considerarse los hechos del caso ni la suficiencia de éstos para configurar el delito imputado Íd.*

Nótese que, la desestimación en tal contexto se fundamenta en una lesión a los derechos del acusado en etapas tempranas del trámite judicial. *Pueblo v. Branch*, 154 DPR 575, 584 (2001). Es decir, debe demostrarse "que se infringió alguno de los requisitos o derechos procesales que se deben observar en esa vista". *Pueblo v. Rivera Cuevas*, 181 DPR 699, 708 (2011).

Por otro lado, si la desestimación se solicita bajo el fundamento de ausencia de prueba, le corresponde al foro primario adoptar el examen jurídico esbozado a continuación:

> *[E]l magistrado que evalúe una moción de desestimación al amparo de la Regla 64(p) debe tener presente que no se trata de una nueva determinación de causa probable. Por lo tanto, si el tribunal entiende necesario la celebración de una vista para dilucidar la moción, su tarea estará limitada a examinar la prueba presentada durante la vista en que se determinó causa probable para acusar. Evaluada exclusivamente tal prueba, el magistrado debe determinar si hubo ausencia total de prueba sobre la comisión del delito; ya sea porque no se presentó alguna evidencia sobre un elemento del delito imputado o porque no se presentó alguna evidencia sobre la conexión del acusado con el delito. Solamente ante una situación de ausencia total de prueba es que procede sustituir el criterio del magistrado que inicialmente halló causa para acusar. Pueblo v. Nieves Cabán, a la pág. 867; Pueblo v. Negrón Nazario, supra, a la pág. 736.*

Este escenario requiere evaluar el material probatorio conforme a los siguientes pasos: (1) examinar la prueba desfilada

en la vista; (2) determinar si esta establece la probabilidad de la presencia de los elementos del delito y que el imputado lo cometió; y (3) considerar que, aunque la prueba establezca la posible comisión de otro delito, solo procede desestimar la acusación ante la ausencia total de prueba sobre uno o varios elementos del delito, o en cuanto a si el imputado lo cometió . *Pueblo v. Rivera Cuevas*, *supra* a las págs. 708-709; *Pueblo v. Rivera Alicea*, 125 DPR 37, 43 (1989).

Cabe señalar que, lo anterior no constituye una nueva determinación de causa probable. *Pueblo v. Pérez Delgado, supra*, a la pág. 667. Por tal razón, no se podrá recibir prueba que no se presentó en la vista preliminar. *Pueblo v. Rivera Vázquez, supra*, a la pág. 878. Ello, pues, "debemos ser conscientes de que la determinación de causa probable para acusar goza de una presunción de corrección", tal como hemos reiterado. *Pueblo v. Guadalupe Rivera, supra*, a las págs. 626-627. Véase, además, Regla 304 de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 304. En vista de ello, la evaluación de esta moción se limitará a atender si se infringió alguno de los requisitos procesales o si se alcanzó una determinación en ausencia de prueba de conformidad con la Regla 64(p) de Procedimiento Criminal, *supra*.

## D.

Nuestra Asamblea Legislativa adoptó la Ley de Armas de Puerto Rico de 2020[3], Ley Núm. 168-2019, 25 LPRA sec. 461, según enmendada (Ley Núm. 168-2020 o Ley de Armas). En lo pertinente a este recurso, el Art. 1.02(gg) de esta legislación define el acto de portación de arma de fuego, según expuesto a continuación:

> *"Portación" — significa la posesión inmediata o la tenencia física de una o más armas de fuego, cargadas*

---

[3] El Artículo 1.01 de esta ley denomina la referida pieza legislativa tal como la hemos citado.

*o descargadas, sobre la persona del portador o a su alcance inmediato. Por alcance inmediato se entenderá al alcance de su mano y la transportación de las mismas. 25 LPRA sec. 461a.*

En consonancia con esta definición, el Art. 6.05 de la Ley Núm. 168-2020, *supra,* tipifica este delito de conformidad a los siguientes elementos:

*Artículo 6.05. — Portación, Transportación o Uso de Armas de Fuego sin Licencia.*

*Toda persona que **porte, transporte o use cualquier arma de fuego**, **sin tener una licencia de armas vigente**, salvo lo dispuesto para los campos de tiro o lugares donde se practica la caza, incurrirá en delito grave y convicto que fuere, será sancionada con pena de reclusión por un término fijo de diez (10) años, sin derecho a sentencia suspendida, a, o a disfrutar de los beneficios de algún programa de desvío, o a cualquier alternativa a la reclusión reconocida en esta jurisdicción. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de veinte (20) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cinco (5) años. 25 LPRA sec. 466d.* (Énfasis nuestro).

En la interpretación de un texto legislativo similar, el Tribunal Supremo de Puerto Rico aclaró que, la portación no necesariamente tiene que haber ocurrido en la vía pública para que se entiendan como infringidas las disposiciones del Art. 8 de la Ley de Armas, 25 LPRA sec. 416. *Pueblo v. Vega Pabón*, 144 DPR 416, 423 (1997); *Pueblo v. Vázquez Cintrón*, 122 DPR 625, 629 (1988).  Es decir, la configuración de este delito requiere que se porte el arma sin importar el sitio. *Íd.*, a la pág. 424.

Por otro lado, el Art. 6.08 de la Ley de Armas, *supra,* prescribe los elementos del delito de posesión ilegal de arma de fuego de la siguiente manera:

*Artículo 6.08. — Posesión de Armas de Fuego sin Licencia.*

*Toda persona que sin tener licencia de armas tenga o posea un arma de fuego, incurrirá en delito grave, y convicta que fuere será sancionada con pena de reclusión por un término fijo de cinco (5) años. De mediar circunstancias agravantes, la pena establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser*

*reducida hasta un mínimo de un (1) año. Se considerará un agravante el que el arma haya sido reportada como robada o apropiada ilegalmente, o importada a Puerto Rico de forma ilegal. 25 LPRA sec. 466g.*

Obsérvese que, los elementos objetivos de este delito son: (1) la tenencia o la posesión del arma fuego, y (2) la falta de licencia exigida para ello.  A diferencia de la portación de arma, este delito de portación de arma no exige el alcance inmediato, según definido en el Art. 1.02(gg) de la Ley Núm. 168-2020, *supra*.

### III.

De entrada, establecemos que, de conformidad con los criterios recogidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, este foro apelativo intermedio se encuentra en posición de expedir el auto solicitado.  En virtud de la discreción que poseemos, procedemos a resolver la controversia ante nuestra consideración.

En el recurso de epígrafe, el Sr. Flores Matos argumenta que no surge de la acusación presentada en su contra que este haya trasportado el arma fuera de los límites de su residencia.  Por tal razón, aduce que no se configuró el elemento de portación ilegal de arma de conformidad con el Art. 6.05 de la Ley de Armas, *supra*. En cambio, plantea que debió imputársele el delito de posesión ilegal de arma tipificado en el Art. 6.08 de la precitada legislación. En vista de ello, señala que incidió el foro primario al no desestimar la acusación.

En oposición, el Procurador General sostiene que el delito de portación ilegal de arma no requiere que los hechos transcurran fuera del perímetro residencial.  Según su interpretación, basta demostrar que la persona portó el arma sin licencia vigente para configurarse el delito de portación ilegal de arma a tenor con el Art. 6.05 de la Ley de Armas, *supra*.  Conforme a esa explicación, razona que durante la celebración de la vista preliminar presentó

la prueba correspondiente que demostró la existencia causa probable para acusar por el delito aducido.  Por lo anterior, asegura que el peticionario no rebatió la presunción de corrección que reviste a la determinación emitida en la vista preliminar.

Evaluado sosegadamente el derecho vigente en atención a la controversia que nos ocupa, determinamos que la acusación impugnada es conforme al arreglo de ley y derecho.  En efecto, disponemos no erró el TPI al denegar la solicitud de desestimación. Veamos.

Surge del expediente ante nos que, el foro primario concluyó, a base de la prueba presentada en la vista preliminar, que existe causa probable para creer que el peticionario incurrió en (1) la portación de arma de fuego, (2) sin tener licencia de arma vigente, según tipificado en el Art. 6.05 de la Ley de Armas, *supra.* Celebrada esa etapa de los procedimientos, el Ministerio Público radicó la siguiente acusación:

> *Por el delito de: Ley 168 Art. 6.05 Grave (2019) Portación, Transportación o Uso de Armas de Fuego sin Licencia.*
>
> *El referido acusado LUIS EFRÉN FLORES MATOS, allá para el 6 de enero de 2025, y en BARRANQUITAS, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de AIBONITO, ilegal, a sabiendas, a propósito, con conocimiento y criminalmente **utilizó un arma de fuego** pequeña color crema en la parte de arriba y negra en la parte de abajo, **sin tener una licencia de armas vigente bajo la Ley de Armas**, en comisión del delito Art. 3.3 Ley 54.[4]* (Énfasis nuestro).

Expuesto este trasfondo procesal, determinamos que la acusación no se aparta de los parámetros legales del Art. 6.05 de la Ley de Armas, *supra.* A esos efectos, recordemos que, el precitado estatuto establece que, toda persona que **porte, transporte o use** cualquier arma de fuego sin tener licencia vigente, incurrirá en el delito de portación ilegal de arma.  Así

---

[4] Apéndice del recurso de *Certiorari,* anejo 5, pág. 1.

pues, la configuración de este delito requiere que se porte el arma, sin fijar un lugar específico para su comisión. Véase *Pueblo v. Vega Pabón, supra,* a la pág. 424. Para comprender lo anterior, conviene revisitar el Art. 1.02(gg) de la Ley Núm. 168-2020, *supra,* cuyo contenido define *portación* de la siguiente manera:

> ***[S]ignifica la posesión inmediata o la tenencia física de una o más armas de fuego, cargadas o descargadas, sobre la persona del portador o a su alcance inmediato. Por alcance inmediato se entenderá al alcance de su mano y la transportación de las mismas****.* (Énfasis nuestro).

A la luz de estos preceptos, colegimos que la acusación es conforme a la conducta denunciada, y a su vez, resulta consistente con los elementos del Art. 6.05 de la Ley de Armas, *supra.* Es decir, exhibe correctamente los elementos del delito de portación ilegal de arma, que requieren el uso del arma[5], entiéndase, la tenencia física de esta sobre la persona o a su alcance inmediato, y sin licencia vigente. Consecuentemente, según exige nuestro ordenamiento jurídico, razonamos que la acusación establece la adecuada conexión de tales elementos con el peticionario.

Por tal razón, no vemos espacios para aplicar a este caso el delito de posesión ilegal de arma, según tipificado en el Art. 6.08 de la legislación referida. Dicho estatuto se limita a penalizar: (1) la tenencia o la posesión del arma de fuego, y (2) la falta de licencia. No obstante, prescinde del elemento de alcance inmediato presente en la acusación alcanzada tras la celebración de la vista preliminar.

Por último, el Sr. Flores Matos señala que en esa etapa no se presentó prueba de los elementos del Ar. 6.05 de la Ley de Armas, *supra.* Examinado este argumento, precisamos que no nos ha colocado en una posición adecuada para discutir tal asunto

---

[5] En atención a este recurso, nos corresponde precisar que en la acusación surge que el Sr. Flores Matos "a sabiendas, a propósito, con conocimiento y criminalmente **utilizó un arma de fuego** pequeña" sin tener licencia vigente en la alegada comisión del delito de amenaza, contemplado en el Artículo 3.3 de la Ley Núm. 54, *supra.*

probatorio. Contemplamos que su postura descansa en un resumen de la prueba testimonial, el cual resulta insuficiente para abordar este particular, toda vez que no fue estipulado por la parte recurrida. Por ende, nos encontramos imposibilitados de atender este señalamiento.

En vista de lo anterior, concluimos que, el peticionario no derrotó la presunción de legalidad que reviste a la determinación de causa probable para acusar por el delito de portación ilegal de arma. Ello, pues, no exhibió una demostración evidente del error señalado, ni demostró que dicha determinación se alcanzó en contravención al derecho aplicable o en ausencia de prueba de los elementos del referido delito. Véanse *Pueblo v. Fernández Rodríguez, supra,* a la pág. 800; *Pueblo v. Rivera Vázquez, supra,* a la pág. 878. Así establecido, resolvemos que el foro primario actuó correctamente al denegar solicitud de la desestimación de la acusación evaluada al amparo de la Regla 64(p) de Procedimiento Criminal, *supra.* En virtud de este razonamiento, confirmamos la determinación recurrida.

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, expedimos el auto de *Certiorari,* a los fines de confirmar la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelacion